ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation and, Valspar Sourcing, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Spraylat Corporation and Spraylat GmbH,<br><br>Defendants. | Civil Action No. 01CV1605 JMR/FLN |

**STIPULATED PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

Having considered Plaintiffs' Application for a Protective Order Regarding Confidential Information, IT IS HEREBY ORDERED as follows:

1. This protective order shall apply to all information, documents and things within the scope of discovery in this action that are in the custody or possession of, or are owned or controlled by Plaintiffs or Defendants or their subsidiaries and their respective Officers, Directors, Employees and Agents, including, without limitation, documents or things responsive to requests for production of documents and things under Fed. R. Civ. P. 34, responses to written interrogatories under Fed. R. Civ. P. 33, responses to requests for admissions under Fed. R. Civ. P. 36, and testimony adduced at depositions upon oral examination or upon written requests pursuant to Fed. R. Civ. P. 30 and Fed. R. Civ. P. 31 (hereinafter "Discovery Material").

2. The parties shall label or mark confidential Discovery Material produced in this action as follows:



OCT 30 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(a) Discovery Material which a party believes in good faith to contain trade secrets or other confidential research, development or commercial information shall be marked with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereinafter collectively "Confidential Material");

(b) Confidential Material shall be labeled or marked CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY when the document or thing is produced or provided to the party or parties seeking discovery; and

(c) In the event the receiving party believes in good faith that Discovery Material produced by the producing party or a third party should be deemed Confidential Material, the receiving party shall, within thirty (30) days after receipt of the Discovery Material, notify all parties in writing that the material is deemed confidential, and specify the proper level of confidentiality. Upon such designation, the parties shall promptly stamp the original and all copies of such discovery material with the appropriate confidentiality legend.

3. With respect to testimony adduced at depositions upon oral examination of directors, officers, employees or agents, former directors, officers, employees or agents or consultants or experts of the parties, the testimony of the witness shall be deemed Confidential Material until the expiration of fourteen (14) days after receipt of the transcript of the deposition by counsel for all of the parties. This fourteen (14) day period may be modified by agreement of the parties. If counsel for any party believes that the transcript of the deposition or any portion thereof constitutes or contains Confidential Material, counsel shall: (1) make such designation on the record during the deposition; or (2) so designate in writing to counsel for all other parties within that 14-day period, the specific pages and lines of the transcript that constitute or contain Confidential Material.

4. If a party believes that inspections, measuring, testing, sampling or photographing of

that party's processes, products, equipment, premises or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed Confidential Material, that party shall advise the party or parties seeking such discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that the material discovered and any information derived from that material shall be treated as Confidential Material. Except as provided in paragraph 5(a) below, unless otherwise stipulated or ordered, any confidentiality is waived if the party providing the discovery fails to advise the party or parties seeking discovery in advance that any inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis.

5. (a) If a party through inadvertence produces, provides or obtains any of the Confidential Material described in paragraphs 2-4 of this Protective Order without labeling or marking it with the appropriate legend or without giving the appropriate designation or advice, such party may give written notice to the other party or parties that the document, thing or other discovery information or response is deemed Confidential Material and should be treated as such in accordance with the provisions of this protective order. The other party or parties must thereafter treat such documents, things, information and responses as Confidential from the date such notice is received. Disclosure of such documents, things, information and responses prior to receipt of such notice to persons not authorized to receive Confidential Material shall not be deemed a violation of this protective order, provided, however, the disclosing party takes reasonable steps to recover such documents, things, information and responses or identifies such persons who received the Confidential Material prior to its designation as such.

(b) Nothing contained in this protective order shall be construed to affect or govern the scope of discovery in this action, to preclude any party from objecting to discovery, or to

preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or other provisions of the Federal Rules of Civil Procedure.

(c) Nothing in this protective order shall be construed to require production or disclosure of any Confidential Material deemed by counsel for the party possessing such material to be privileged or otherwise immune from discovery. This shall not preclude any party from moving the Court for an order directing the disclosure of such material.

6. Subject to all rules of evidence, procedure and applicable law, material marked, labeled or otherwise designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY as described in paragraphs 2 through 5 above, may be used at any proceeding relating to this action, at depositions and trial. Such material also may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this action, all subject to paragraphs 7 through 21 below and subject to any further order regarding confidentiality that the Court may enter. In the event that Confidential Material is to be used at trial, hearings, or depositions, it shall be kept under separate cover and disclosed or discussed only in the presence of those permitted to receive the disclosure thereof. Such material may not be used for any other purpose except as expressly provided herein or by further order of the Court.

7. Discovery Material marked, labeled or otherwise designated CONFIDENTIAL pursuant to paragraphs 2-5 above and all copies, summaries, abstracts, indices and descriptions of such Discovery Material, shall be deemed and treated as confidential and shall be used for no purpose other than this litigation. Unless and until the Court rules to the contrary and/or rules that there may be further disclosure, access thereto or disclosure thereof shall be limited to:

(a) Outside counsel of record for the parties, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to Confidential Material;

(b) No more than a total of four non-employee experts for, or consultants to, a party (hereafter "outside experts"), who are not known to be, or to be employed by, a competitor of any other party with respect to the business of mirror coating and/or mirror solutions, and whose advice and consultation are being or will be used by the party in connection with this action, and their stenographic and clerical employees whose duties and responsibilities require access to Confidential Material;

(c) The Court and Court personnel;

(d) Court reporters transcribing any deposition, hearing or trial in this action;

(e) Andrew Ubel, inside counsel for Plaintiffs, and his stenographic, clerical and paralegal employees whose duties and responsibilities require access to Confidential Material;

(f) William Borner, inside counsel for Defendants, and his stenographic, clerical and paralegal employees whose duties and responsibilities require access to Confidential Material;

(g) The following outside counsel for the parties in Germany and the stenographic, clerical and paralegal employees of each of them whose duties and responsibilities require access to Confidential Material: for the Plaintiffs, Thomas Elsner, Wasserstrasse 13, 40213 Dusseldorf, and for the Defendants, Thomas Schmitz, Schmitz Wagner, Julicher Strasse 369, 52070 Aachen;

(h) The following business representatives of the parties: for the Plaintiffs, Michael Seidler and Harry Bahls, and for the Defendants, Alain DeBlandre and Ray Chlodney; and

(i) Other management level employees of the parties (and their subsidiaries) who have a need to review Confidential Material designated CONFIDENTIAL.

8. Any party may in good faith designate Confidential Material as "HIGHLY CONFIDENTIAL." Such information shall be disclosed only to the persons described in paragraphs 7(a)-7(h). All other terms of this Protective Order apply equally to information designated as "CONFIDENTIAL" and information designated as "HIGHLY CONFIDENTIAL."

9. Any party may designate Confidential Material that it in good faith deems so competitively sensitive that it should not be learned by its competitors or the other parties (or officers, directors, employees or agents of the other parties) as "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Such information shall be disclosed only to the persons described in paragraphs 7(a)-7(f). All other terms of this Protective Order apply equally to information designated as "CONFIDENTIAL" and information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

10. (a) Disclosure to the outside experts contemplated by paragraphs 7(b) above, and their stenographic and clerical personnel, and to the individuals identified in paragraph 7(h)-(i), shall be made only after the said outside experts and individuals sign an undertaking in the form of the annexed Exhibit "A" (counsel shall retain the original of each such signed undertaking). Within five (5) days of identifying any such outside expert or consultant as a testifying expert to the other party under the discovery provisions of Fed. R. Civ. P. 26(b)(4), such counsel shall forward a copy of the signed undertaking for that expert to opposing counsel. Within five (5) days of the final termination of this Action, including all appeals, counsel shall forward to opposing counsel a copy of the signed undertakings from all outside experts and consultants not previously submitted to opposing counsel. A copy of the signed undertaking for the individuals identified in paragraph 7(h)-(i) shall be forwarded to opposing counsel prior to any disclosure of Confidential Material to those individuals.

(b) Review of tangible Confidential Material designated HIGHLY CONFIDENTIAL (including any copies, summaries, abstracts, indices and description of such Confidential Material) by the business representatives identified in paragraph 7(h) shall take place only at the offices of outside counsel of record and/or German counsel identified in paragraph 7(g), and the business representatives shall not remove any such tangible Confidential Material from those offices.

(c) The parties may by agreement of counsel enlarge the number or identity of the persons entitled to have access to Confidential Material, without further approval of the Court. In the event that a party desires to provide access to or disseminate Confidential Material to any person not entitled to access under paragraph 7, it may move the Court for an Order that such person be given access thereto if the parties cannot agree to such additional access or dissemination. In the event that the motion is granted, such person may have access to such Confidential Material after first signing an undertaking in the form of Exhibit "A" attached hereto, a copy of which shall be forwarded promptly thereafter to opposing trial counsel.

11. If counsel for either party believes that any question or questions that will be put to a witness at a deposition upon oral examination in this action will disclose Confidential Material, or that answers to any question or questions will require such disclosure, or if Discovery Material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY will be used as an exhibit at such deposition, counsel shall advise opposing counsel of same, and the deposition (or confidential portions thereof) shall be conducted only in the presence of persons entitled under the terms of this protective order to access to such material.

12. Confidential Material shall not be used by the receiving party in any other litigation or proceeding, except upon the express written consent of counsel for the producing party or by

order of this Court or by order (upon due notice to the producing party) of the Court or tribunal in which such other litigation or proceeding is pending. Material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY is to be filed with the Clerk of Court in sealed envelopes or containers prominently marked with the caption of the case, a general description of the contents of the envelope or container and the notation:

**CONTAINS CONFIDENTIAL INFORMATION**
**UNDER PROTECTIVE ORDER**
**TO BE OPENED BY OR AS DIRECTED BY THE COURT**

Material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY and filed under seal shall be maintained separate from the public records in this action and shall be released only to Court personnel, to those entitled to access to Confidential Material under this protective order, or as further ordered by the Court. Subject to the approval of the Court, attendance at a hearing in this action at which Confidential Material will be disclosed shall be limited to individuals entitled to access to such materials under the terms of this protective order.

13. No copy of any transcript of any deposition taken by any party which is designated in part or in whole as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall be furnished by the reporter to any person other than to counsel of record. The original of any transcript of any deposition designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY in accordance with paragraph 2 which is filed with the Court shall be filed under seal in accordance with paragraph 12 hereof, unless otherwise stipulated by the parties.

14. The acceptance by Plaintiffs or Defendants of Discovery Material designated CONFIDENTIAL , HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES

ONLY by another party shall not constitute an admission or concession or permit an inference that such material is, in fact, entitled to a designation of CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY. This protective order shall not be construed to foreclose any party from moving the Court for an order that Discovery Material designated CONFIDENTIAL is not confidential or that material designated HIGHLY CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY should be reclassified to a lower level of confidentiality. On a motion to reclassify CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL material at a lower level of confidentiality, the non-moving party shall have the burden of proving that the need to prevent disclosure of the information to the opposing party's designees under paragraph 7(g), 7(h) and/or 7(i) outweighs the moving party's need to disclose the information to its designee or designees. On a motion to designate CONFIDENTIAL material as not confidential, the moving party shall have the burden of proving that the Discovery Material designated CONFIDENTIAL neither constitutes nor contains trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). Prior to making any such motion, the parties shall discuss the matter in good faith to try to resolve or narrow the scope of the subject motion. The finding that Discovery Material designated as CONFIDENTIAL is actually non-confidential shall not in itself constitute a negation or waiver of the confidentiality of any other Confidential Material of the producing party.

15. This protective order shall not be construed to prevent any of the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

16. This Protective Order shall not preclude a party from enforcing its rights against any party or non-party believed to be violating the rights of any party.

17. Upon final termination of this action, including all appeals, receiving outside counsel may retain one copy or sample of all Discovery Material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY for reference in the event of disputes over the use or disclosure of such material, and may also retain documents, things, copies and samples to the extent they include or reflect receiving attorney's work product and a complete set of pleadings and transcripts. (With respect to such retained Confidential Material, this protective order shall survive the final termination of this action to the extent the information in such material is not or does not become known to the public.) Upon final termination of this action, including all appeals, all other copies and samples of Confidential Material, and any other summaries, abstracts, excerpts, indices and descriptions of such material and information derived from such material which are recorded in any tangible form (except for any that may be retained by the Court) shall be assembled and returned to the producing party or, at the option of the receiving party, destroyed, in which case a certificate of destruction shall be provided to the producing party.

18. The restrictions and obligations set forth herein relating to Discovery Material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall not apply to any information which:

(a) the parties agree, or the Court rules, is already public knowledge or does not contain trade secrets or other confidential research, development or commercial information;

(b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this protective order; or

(c) has come or shall come into the receiving party's legitimate possession independently of the producing party. Notwithstanding the provisions of this paragraph, a

responding party's actual documents and things marked as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall not be treated as non-confidential by the receiving party.

19. All documents and things produced in response to discovery requests in this action shall be produced with identifying numbers on each page, to the extent practicable.

20. If a third party produces documents or information, or provides testimony that the third party believes contains Confidential Material, such third party may mark such documents or identify such information in accordance with paragraphs 2-4, and such documents or information or testimony shall be treated by the parties in accordance with the provisions of this protective order as if such documents or information or testimony were produced by a party to this suit.

21. Nothing herein is intended to limit a party's use or disclosure of its own Confidential Material.

SO ORDERED, this 29th day of October, 2001

[signature]

District Court Judge

AGREED AS TO FORM BY:

Date: Oct. 23, 2001

Alan G. Carlson (MN ID #14,8[illegible])
J. Derek Vandenburgh (MN ID #224,145)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215

Andrew Ubel (MN ID #235,799)
THE VALSPAR CORPORATION
1101 Third Street South
Minneapolis, Minnesota 55415

ATTORNEYS FOR PLAINTIFFS

Dated: 10/23/01

Kenneth A. Liebman
FAEGRE & BENSON L.L.P
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

David M. Zensky
Mitchell P. Hurley
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
590 Madison Avenue
New York, NY 10022

ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation and, Valspar Sourcing, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Spraylat Corporation and Spraylat GmbH,<br><br>Defendants. | Civil Action No. 01CV1605 JMR/FLN |

**UNDERTAKING OF**

____________________ declares that:

I reside at ____________________ in the City of __________, County of __________, State of ____________, Country of ____________;

I have read and understand the Protective Order dated ____________ and of record in Civil Action No. 01CV1605 JMR/FLN pending in the United States District Court for the District of Minnesota;

I agree to comply with and be bound by the provisions of said Order, and understand that should I fail to comply with the provisions of said Order I can be held in contempt of Court and sanctioned by the Court for my noncompliance;

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action.

EXHIBIT A