**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| The Valspar Corporation<br>Valspar Sourcing, Inc. and<br>Valspar GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>Spraylat Corporation and Spraylat GmbH,<br><br>Defendants. | Civil Action No. 01CV1605 JEL/JGL<br><br>**ORDER** |

Based on the Stipulation among all parties, IT IS ORDERED THAT:

1. Subject to and as modified by the other provisions of this Stipulation and Order, Defendants' Document Requests, Interrogatories and Requests for Admission, all dated November 4, 2002, are deemed timely.

2. Plaintiffs will respond to 24 requests for documents, to be selected by Defendants but not to include Request Nos. 30 or 31.

3. Plaintiffs will respond to 675 Requests for Admission ("RFAs"), to be selected by Defendants.

4. Plaintiffs will respond to Defendants' 21st, 22nd and 23rd Interrogatories.

5. Defendants will re-serve the modified Requests for Admission and Requests for Documents by Tuesday, January 14, 2003.

6. On or before January 28, 2003, Plaintiffs shall

(a) identify for Defendants all RFAs (if any) that Plaintiffs contend cannot be answered by an admission or denial based on any objections or alleged

FILED JAN 1 4 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

ambiguities in the RFAs, and the parties shall confer in good faith promptly thereafter to resolve any identified objections or ambiguities, and

(b) raise any objections to the form or scope that Plaintiffs may have with respect to Defendants' outstanding document requests and interrogatories, and the parties shall confer in good faith promptly thereafter to resolve any identified objections or ambiguities.

7. Plaintiffs shall answer the interrogatories (to the extent not objected to ) and serve formal responses to the document requests and requests for admission on or before February 7, 2003. Plaintiffs shall make best efforts to produce all responsive documents (to the extent not objected to) by February 14, 2003. To the extent that Plaintiffs do not produce all responsive documents by February 14, 2003, Defendants will be given additional time to serve initial expert disclosures to account for the late production.

8. Plaintiffs shall not serve any additional document requests or interrogatories, or any requests for admission on Defendants.

9. Upon Defendants' request, Plaintiffs shall make available Michael Seidler or another 30(b)(6) witness designated by Valspar GmbH to testify on its behalf for further examination with regard to discovery provided by Plaintiffs pursuant to this Stipulation and Order at a time and location agreed upon by the parties.

10. The Scheduling Order shall be modified as follows:

- Initial expert disclosures shall be made on or before March 12, 2003
- Rebuttal experts shall be disclosed on or before April 23, 2003
- Initial expert witness reports shall be disclosed on March 12, 2003
- Rebuttal expert witness reports shall be disclosed on April 23, 2003
- Each party may depose no more than four expert witnesses on or before June 25, 2003

- All nondispositive motions shall be filed by June 25, 2003
- All dispositive motions shall be filed and scheduled for hearing prior to August 21, 2003
- This case shall be trial ready for September 22, 2003.

SO ORDERED.

Dated: Jan. 14, 2003

Chief Magistrate Judge Jonathan Lebedoff