UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**THE VALSPAR CORPORATION, VALSPAR SOURCING, INC., and VALSPAR INDUSTRIES GMBH,**

Plaintiffs,

v.

**SPRAYLAT CORPORATION and SPRAYLAT GMBH,**

Defendants.

Civil No. 01-1605 (JNE/JGL)

**O R D E R**

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

On April 10, 2003, the undersigned Chief Magistrate Judge of District Court entered an Order on motions brought by the parties. Defendants Spraylat Corporation and Spraylat GmbH ("Defendants") have since requested clarification of the April 10, 2003, Order. Plaintiffs Valspar Corp., Valspar Sourcing, Inc., and Valspar Industries GmbH ("Plaintiffs") have entered no response to Defendants' request.

In the dicta of its April 10, 2003, Order, this Court noted that it appeared that Spraylat did not contest that confidential Valspar documents were taken and maintained by Spraylat employees. The Court further noted that it was "undisputed that use of Lilly/Valspar confidential information would constitute a significant competitive advantage to Spraylat."

Defendants have written the Court, concerned that the language of

FILED 5-6-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

the April 10, 2003, Order "may be misinterpreted as an admission by Spraylat as to the veracity of Valspar's allegations for purposes of trial." Defendants accordingly ask this Court to "clarify its Order to reflect that Spraylat continues to dispute Valspar's allegations that it or its employees misappropriated confidential information of competitive value, and that those factual issues are reserved for later proceedings and/or trial."

Defendants' request for clarification is granted. This Court's dicta regarding the record before it on the nondispositive motions presented does not dispose of issues for trial. The Court's April 10, 2003, Order speaks for itself and is not amended here; nevertheless, it may not be used as an admission by Plaintiffs as to whether Defendants' employees misappropriated confidential information of competitive value.

Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that this Court's April 10, 2003, Order (Doc. No. 188) is clarified as explained above. The April 10, 2003, Order does not represent an admission by Defendants as to whether Defendants' employees misappropriated confidential information of competitive value.

Dated: May 5, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge