UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Valspar Corporation, Valspar Sourcing, Inc.,
and Valspar Industries GmbH,

Plaintiffs,

v.

Civ. No. 01-1605 (JNE/JGL)
ORDER

Spraylat Corporation and Spraylat GmbH,

Defendants.

---

Alan G. Carlson, Esq., and Dennis C. Bremer, Esq., Carlson, Caspers, Vandenburgh & Lindquist, P.C., appeared for Plaintiffs The Valspar Corporation, Valspar Sourcing, Inc., and Valspar Industries GmbH.

David M. Zensky, Esq., and Mitchell P. Hurley, Esq., Akin, Gump, Strauss, Hauer & Feld, L.L.P., John Connelly, Esq., Faegre & Benson LLP, and William Borner, Esq., Spraylat Corporation, appeared for Defendants Spraylat Corporation and Spraylat GmbH.

---

This is an action by The Valspar Corporation, Valspar Sourcing, Inc., and Valspar Industries GmbH against Spraylat Corporation and Spraylat GmbH (collectively, Defendants) for tortious interference with contracts, misappropriation of trade secrets, conversion, tortious interference with business relations, and unfair competition. The case is before the Court on Defendants' motion for summary judgment based on lack of personal jurisdiction. For the reasons set forth below, the Court denies the motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which

NOV 0 7 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991). Minnesota's long-arm statute, Minn. Stat. § 543.19 (2002), extends jurisdiction to the extent allowed by due process. *Soo Line R.R. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528 (8th Cir. 1991); *In re Minn. Asbestos Litig.*, 552 N.W.2d 242, 246 (Minn. 1996). The Court therefore need only consider whether the requirements of due process are satisfied to resolve Defendants' jurisdictional challenge. *See Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995); *Domtar, Inc. v. Niagara Fire Ins. Co.*, 533 N.W.2d 25, 29-30 (Minn. 1995).

Early in this litigation, Defendants moved to dismiss the action for lack of personal jurisdiction. The parties submitted affidavits, declarations, and deposition testimony in support of or in opposition to Defendants' motion. At the motion hearing, the Court acknowledged that The Valspar Corporation and Valspar Sourcing bore the burden of establishing a prima facie case of personal jurisdiction and that the evidence must be viewed in their favor. *See Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). Having

determined that it could exercise personal jurisdiction over Defendants, the Court denied their motion to dismiss.

Although the instant motion comes before the Court after extensive discovery and the amendment of the complaint to add Valspar Industries GmbH as a plaintiff, Defendants present essentially the same facts and law that they submitted in connection with their motion to dismiss. Under these circumstances, the Court declines to reach a conclusion different from the one reached in connection with the motion to dismiss. The Court therefore denies Defendants' summary-judgment motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion for Summary Judgment [Docket No. 203] is DENIED.

Dated: November 6, 2003

JOAN N. ERICKSEN
United States District Judge

For Immediate Release
October 30, 2003

# PRESS RELEASE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
300 South Fourth Street, Suite 202, Minneapolis, Minnesota
Contact: Richard D. Sletten, Clerk, (612) 664-5026

## FEDERAL COURT AMENDS LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the approval, of amendments to its local rules of practice recommended by the Court's Federal Practice Committee chaired by Minneapolis Attorney Jeff Keyes of the Briggs and Morgan law firm.

Local Rules 67.1 and 83.11 amendments:

### LR 67.1 MONEY PAID INTO COURT

Unless otherwise ordered by the Court, all monies coming into the registry of this Court shall be deposited in an interest bearing account in a depository approved by the Treasurer of the United States, subject to withdrawl by checks drawn by the Clerk of Court pursuant to orders of the Court. The Clerk of Court shall deduct from the income earned on the investment a registry fee, as set by the Director of the Administrative Office of the United States Courts. The fee will be deducted when funds are withdrawn and distributed. For further registry fee information, refer to the Guide to Judiciary Policy and Procedures Chapter VII, Financial Management, Part I, Registry Funds.

### LR 83.11 DIVISIONS, OFFICES OF THE CLERK, CALENDARS

(a) Divisions. The State of Minnesota constitutes one judicial district, divided into six divisions. Cases in this District are assigned to particular divisions and particular judges pursuant to the Order for Assignment of Cases that has been adopted by the Judges of the District Court. The Order for Assignment of Cases may be modified from time to time as the District Court Judges see fit.

(b) Offices of the Clerk. The Clerk of Court maintains offices in St. Paul, Minneapolis, and Duluth. The St. Paul, Minneapolis and Duluth offices are open from 8:00 a.m. to 5:00 p.m. All offices are open Monday through Friday, with the following exceptions: New Year's Day; Martin Luther King, Jr.'s Birthday; President's Day; Memorial Day; Independence Day; Labor Day; Columbus Day; Veterans Day; Thanksgiving Day; and Christmas Day.

The files for matters pending before the Court are maintained in the office in the division to which the case is assigned. However, papers relative to any case may be filed in any office.

(c) Calendars. The Court operates on an individual calendar system. Judges in active service are assigned and assume responsibility for their proportionate share of the total cases filed in the district. Inquiries as to motions, probable trial date, or other matters having to do with a particular case may be addressed to the deputy clerk serving as calendar clerk for the Judge to whom the case has been assigned.