UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation,<br>Valspar Sourcing, Inc., and<br>Valspar Industries GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>Spraylat Corporation and Spraylat GmbH,<br><br>Defendants. | Civil Action No. 01-CV-1605 JNE/JGL |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM ASKING QUESTIONS OF PLAINTIFFS' WITNESSES THAT WOULD LEAD TO THE INVOCATION OF PRIVILEGE IN FRONT OF THE JURY**

Plaintiffs (collectively "Valspar") filed the present action asserting five causes of action, including misappropriation of trade secrets, tortious interference with contracts, unfair competition, conversion of property, and tortious interference with business relations. Valspar's claims were based largely on its contention that Defendants hired away several Valspar employees, knowingly received trade secret and confidential Valspar information from such employees, and used that information to interfere with Valspar's business and steal Valspar's customers. Presently, this case is set to go trial in order to determine, among other things, whether Defendants misappropriated Valspar's formulas and whether Defendants intentionally induced Valspar's former employees to breach their confidentiality agreements with Valspar.

Defendants have indicated during discovery that they may intend to argue and suggest to the jury that Valspar brought this case for reasons other than the merits of its claims. In

particular, Defendants have asked Valspar's witnesses to disclose the legal advice that they received prior to bringing this suit.

However, Defendants have never charged Valspar with bringing this suit in bad faith. Nor have Defendants ever charged Valspar with bringing any baseless claims. Thus, Valspar routinely invoked privilege, and the witnesses refused to disclose their attorneys' advice.

Valspar is concerned that Defendants may attempt to disclose these earlier invocations of privilege, or ask questions designed to elicit the invocation of privilege anew, to the jury. If this happens then the jury might make an adverse inference against Valspar based on an issue completely irrelevant to this case. Accordingly, Defendants should not be permitted to bring Valspar's invocation of privilege to the jury's attention or suggest, much less argue, that an adverse inference be taken because of such invocation of privilege.

## I. BACKGROUND

This suit primarily concerns Defendants' receipt and use of Valspar's trade secret and confidential information to start a competing mirror business. The trade secret and confidential information taken and used by Defendants includes (1) business information such as financial data, key employees, key market segments, and key customers and (2) technical information such as mirror solutions formulas. (Court Docket Nos. 13-16; 286). This information was provided to Defendants by several former Valspar employees, including Alain DeBlandre, Guenther Reipa, Willie Luettgens, and Ludwig Kotschenreuther. Id. All of Valspar's former employees, prior to working with or for Defendants, had signed employments agreements containing confidentiality clauses ("confidentiality agreements") with Valspar and/or its predecessors in interest. These contracts protected Valspar information and data, specifically including "information, knowledge or data relating to the Company or its Affiliates" such as, for

example, "production methods, chemical formulas, chemical compounds, client information, calculations and price lists, etc." Declaration of Dennis Bremer in Support of Plaintiffs' Motions in Limine, dated March 4, 2005 (Bremer Decl. in Support), Exs. 1 at §9; 2 at ¶ 2a; 3 at ¶ 1; and 4 at §6.

In filing this lawsuit against Defendants, Valspar contended, among other things, that the business and technical information taken and used by Defendants and Valspar's former employees was protected either as "trade secrets" under trade secret law or as confidential information or company data protected by its confidentiality agreements. (Court Docket No. 1, ¶¶ 7-21. Valspar claimed that Defendants misappropriated the trade secrets and tortiously interfered with both the confidentiality agreements and Valpar's business relations. Id., ¶¶ 22-55.

Defendants have denied Valspar's accusations and pleaded numerous affirmative defenses, include their reliance on counsel. (Court Docket No. 197). However, Defendants have never asserted that Valspar's lawsuit was baseless or brought in bad faith. Accordingly, and unlike Defendants, Valspar has never placed the opinions or advice of its own counsel at issue in this case.

Throughout this case, Defendants have repeatedly attempted to introduce the theme that they are small, family-owned company being victimized by a one thousand pound gorilla. (See, e.g. Court Docket No. 174 at 3). As part of that theme, Defendants have attempted to solicit testimony from Valspar's business persons concerning the advice they received from their attorneys about the reasons for filing this suit and the merits of the suit. See, e.g., Bremer Decl. in Support, Ex. 14. In particular, Defendants have attempted to learn what Valspar's attorneys told Valspar's employees about the reasons behind and merits of this suit. Id.

Valspar steadfastly invoked privilege when asked questions about its attorneys' advice. Id. And since Defendants had never charged Valspar with bringing a baseless or bad faith suit, Valspar had no reason to waive privilege and disclose the advice it received from its attorneys. Thus, Valspar has never placed the opinions and advice of its counsel at issue.

Valspar is concerned that Defendants may mention Valspar's previous invocation of privilege and refusal to disclose legal advice to the jury. Valspar is also concerned that Defendants may ask questions of Valspar's witnesses at trial concerning the advice they received from counsel in order to force Valspar into a "heads I win, tails you lose" situation. Namely, Valspar will be required to invoke privilege, thus implying to the jury that it has something to hide, or waive the privilege and disclose all of its heretofore protected information. Neither is an attractive or acceptable option for Valspar.

Given that Valspar's state of mind in bringing suit is not an issue in this case, Defendants should not be able to even suggest to the jury that Valspar brought this suit in bad faith or for some baseless reason. And they certainly should not be permitted to alert the jury as to Valspar's decision to invoke privilege and then argue or suggest that the jury take an adverse inference because of that decision.

## II. ARGUMENT AND ANALYSIS

Relevant evidence is that which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Relevant evidence also is inadmissible when its "probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury," or for numerous other reasons. Fed. R. Evid. 403.

Any questions to Valspar's witnesses regarding the advice and opinions they received from Valspar's attorneys concerning the bases and merits of this lawsuit have no probative value. Valspar's decision to bring the lawsuit is no way related to the merits of the case. Valspar has never pleaded or stated that it intended to place the opinions and advice of its counsel it issue. Indeed, Valspar has never had any reason to make such a pleading or put such opinions and advice at issue. Thus, any mention or suggestion of Valspar's previous invocation of privilege or refusal to disclose advice of counsel must be excluded from this case. THK America, Inc. v. NSK. Ltd., 917 F. Supp. 563, 566 (N.D. Ill. 1996).

Because Valspar has not waived privilege, or even been charged with any nefarious conduct to which waiving privilege would be a defense, Defendants also must be precluded from arguing or suggesting that any negative inference should be drawn from Valspar's invocation of privilege. Id. at 567. The best way to avoid this is to preclude Defendants from posing any questions, or soliciting any testimony, designed to raise a privilege objection. After all, once the question and objection is out, the jury may make an inference regardless of any Court instruction. Any assumption by the jury that Valspar is hiding something behind the guise of privilege would disparage Valspar and de-legitimize its claims, the very problems Fed. R. Evid. 403 was designed to eliminate.

## III. CONCLUSION

For the foregoing reasons, Valspar submits that this Court should preclude Defendants from mentioning, or asking questions that will elicit, Valspar's invocation of privilege and refusal to disclose advice and opinions received from their counsel regarding the merits and bases of this lawsuit. The Court should further preclude Defendants from arguing or suggesting

to the jury that any adverse inference be taken because of Valspar's refusal to divulge its attorneys' advice and opinions concerning the merits and bases of this lawsuit.

Dated this 4th day of March, 2005.

**THE VALSPAR CORPORATION, VALSPAR SOURCING, INC. AND VALSPAR INDUSTRIES GMBH**

By their attorneys,

By s/ Dennis Bremer

Alan G. Carlson (MN ID #14,801)
J. Derek Vandenburgh (MN ID #224,145)
Dennis Bremer (MN ID #299,182)
Brian Hayes (MN ID #294,585)
CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.C.
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota 55402
Ph. (612) 436-9600
Fx. (612) 436-9605

Andrew Ubel (MN ID #235,799)
VALSPAR
1101 Third Street South
Minneapolis, Minnesota 55415
Ph. (612) 375-7322