UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation, Valspar Sourcing, Inc., and Valspar Industries GmbH, Plaintiffs, v. Spraylat Corporation and Spraylat GmbH, Defendants. | Civil Action No. 01-CV-1605 JNE/JGL |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE TESTIMONY, EVIDENCE, OR ARGUMENT CONCERNING FACTS FORMING THE BASIS OF VALSPAR'S DISMISSED CLAIM THAT DEFENDANTS' CONVERTED PLAINTIFFS' EQUIPMENT**

Plaintiffs (collectively "Valspar") filed the present action asserting five causes of action, including a claim for conversion of property. Valspar's conversion claim was based on its contention that Spraylat employees stole certain Valspar equipment and installed it in Spraylat's facility. One of the factual bases for this contention was that Valspar's employees took photographs of equipment in Spraylat's facility that Valspar believes was stolen from it. In the course of discovery in this case, Spraylat has suggested that Valspar employees acted improperly by standing on Spraylat's property and taking photographs through a window of Spraylat's facility.

This Court dismissed Valspar's conversion claim, finding that, notwithstanding Defendants' admission that the equipment had been Valspar's, Valspar had failed to adequately prove the equipment was one and the same.

Given the dismissal of the conversion claim, Valspar now moves this Court to preclude testimony, evidence or argument relating to the factual bases underlying Valspar's dismissed claim of conversion. Valspar is willing to accept that the evidence that it might present relating to Spraylat's theft of equipment is no longer relevant in view of the dismissal of its conversion claim. However, the same applies to any evidence or argument that Spraylat might present on this point, including in particular evidence and argument relating to its contention that Valspar acted improperly by taking photographs while standing on Spraylat property. Any potential relevance of such evidence or arguments is substantially outweighed by the factors cited in Federal Rule of Evidence 403. Accordingly, all such testimony, evidence, or arguments should be precluded.

## I. BACKGROUND

This suit primarily concerns Defendants' receipt and use of Valspar's trade secret and confidential information to start a competing mirror business. The trade secret and confidential information taken and used by Defendants includes (1) business information such as financial data, key employees, key market segments, and key customers and (2) technical information such as mirror solutions formulae and additives. (Court Docket Nos. 13-16 and 286). This information was provided to Defendants by several former Valspar employees, including Alain DeBlandre, Guenther Reipa, Willie Luettgens, and Ludwig Kotschenreuther. Id.

When Valspar filed suit, it also included a claim for conversion. (Court Docket No. 1). This claim was based on the following facts. Shortly after Reipa and Kotschenreuther announced their resignation from Valspar on May 29, 2001, Michael Seidler and several other Valspar employees traveled to Wallenfels, Germany to clean out the "home office" from which Reipa and Kotschenreuther had worked. (Court Docket No. 271, ¶ 40). At the same time,

Seidler also met with Mr. Behrschmidt, who had agreed to purchase Valspar's facility in Wallenfels. Id. Behrschmidt told Seidler that he had noticed suspicious activity at Valspar's facility in the middle of the night involving Reipa and Kotschenreuther, raising a concern that Reipa and Kotschenreuther were stealing equipment. This caused Seidler and several others to go to Spraylat's facility to see if they could confirm these suspicions. Id., ¶ 41. They looked through a window and saw several items belonging to Valspar. They also took photographs of the items. Id., ¶¶ 40-43; Declaration of Dennis Bremer in Support of Plaintiffs' Motions in Limine, dated March 4, 2005 (Bremer Decl. in Support), Ex. 11.

Defendants sought summary judgment that they did not convert any of Valspar's equipment on the bases that (i) Valspar did not adequately prove that Spraylat's equipment had previously belonged to Valspar and (ii) Defendants had receipts supposedly proving that they purchased the equipment lawfully from a vendor. (Court Docket No. 262 at 38). Valspar opposed the motion by pointing out that (i) Reipa admitted that Defendants' equipment previously belonged to Valspar and (ii) the alleged exculpatory receipts post-dated the photographs and were dated the exact same day that Defendants started commercially distributing product. (Court Docket No. 266 at 43-44).

This Court ultimately dismissed the conversion claim based on its opinion that Valspar had failed to adequately prove that Spraylat was using Valspar's equipment. (Court Docket No. 286 at 17). In essence, the Court apparently deemed Reipa's admission against interest insufficient to create a material issue of fact.

With the conversion claim dismissed, Valspar believes that this Court would deem the facts surrounding that claim – including the taking photographs of the equipment – irrelevant to the remaining causes of action reserved for trial. Valspar also submits that any potential

relevancy such evidence may have is outweighed by other considerations, including without limitation confusion and unfair prejudice. Thus, Valspar seeks to have such evidence excluded from trial.

## II. ARGUMENT AND ANALYSIS

Relevant evidence is that which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. However, even relevant evidence should be excluded when its "probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury," or for numerous other reasons. Fed. R. Evid. 403.

Courts have consistently excluded the introduction of evidence relating to a dismissed claim that bore no relevance to the surviving claims. See Baer v. Midland Enter., No. 03-1331, 2004 U.S. Dist. LEXIS 10184, at *8 (E.D. La. June 3, 2004) (because plaintiff's employment discrimination claims were dismissed, evidence concerning plaintiff's employment records deemed irrelevant, and motion in limine to exclude such evidence was granted) Bremer Decl. in Support, Ex. 18; Levine v. Goldin, No. 87-Civ-6337, 1993 U.S. Dist. LEXIS 5766, *6-7 (S.D.N.Y. April 30, 1993) (excluding all evidence relating to defendants' intent to defraud or pattern of deceit where RICO fraud claims had been dismissed and only breach of contract cause of action remained) Bremer Decl. in Support, Ex. 19; accord Munafo v. Metro. Transp. Auth., No. 98-CV-4572, 2003 U.S. Dist. LEXIS 13495, at *40-41 (E.D.N.Y. January 22, 2003) (evidence supporting dismissed causes of action must be excluded) Bremer Decl. in Support, Ex. 20; Baxter Diagnostics, Inc. v. Novatek Med., Inc., No. 94-CV-5220, 1998 U.S. Dist. LEXIS 15093, at *12 (S.D.N.Y. September 25, 1998) (evidence relating only to punitive damages

excluded where both parties' punitive damages claims were dismissed) Bremer Decl. in Support, Ex. 21; Tompulis v. Schwartz & Freeman, No. 92-C-7375, 1994 U.S. Dist. LEXIS 11118, at *11 (N.D. Ill. August 5, 1994) (defendants' motion to exclude evidence relating to plaintiff's dismissed ERISA claim granted) Bremer Decl. in Support, Ex. 22.

This rule of law should apply here. The remaining counts relate to Valspar's claims that Defendants misappropriated Valspar's trade secrets, interfered with the former Valspar employee's confidentiality agreements, and interfered with Valspar's business relations because of the misappropriation and/or interference with confidentiality agreements. Whether and how Spraylat took or Valspar determined Spraylat took Valspar's equipment does not make the answers to the jury issues either more or less probable. Hence, such evidence is irrelevant and inadmissible. Fed. R. Evid. 401, 402.

Even if the Court is inclined to afford this evidence some minimal weight, the evidence should still be excluded because any probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury, and unfair prejudice. Fed. R. Evid. 403. Because Valspar's evidence in support of its conversion claim was based on the testimony of Valspar employees, who examined the equipment and took photographs through the visible sections of the Spraylat GmbH property, Spraylat may attempt to introduce such evidence at trial to give the appearance of misconduct on the part of Valspar. For example, Valspar is concerned that Spraylat may attempt to introduce such evidence in an effort to support an argument that Valspar and its employees acted improperly and, therefore, should not be heard to complain that Defendants were wrong in taking Valspar's technical and business information. But such an argument is irrelevant to any pleaded cause of action and would result in unfair prejudice to Vaslpar.

Moreover, allowing such evidence or argument on behalf of Defendants would require Valspar to introduce all of the evidence supporting its belief that Defendants took Valspar's equipment and its belief that it did nothing wrong in taking the photographs so that the jury knew all of the relevant facts. And given that there is no jury question to be answered, the jury likely will be confused about all of the testimony and arguments or at least mislead into believing that whether Spraylat took Valspar's equipment and whether Valspar wrongfully took pictures of such equipment is an issue in this case.

## III. <u>CONCLUSION</u>

Any testimony, evidence or arguments relating to the factual bases underlying Valspar's dismissed claim of conversion, and particularly the taking of photographs of equipment on Spraylat's property that Valspar believes to be its own, should be precluded pursuant to Federal Rules of Evidence 401-403.

Dated this 4th day of March, 2005.

**THE VALSPAR CORPORATION,**
**VALSPAR SOURCING, INC. AND**
**VALSPAR INDUSTRIES GMBH**

By their attorneys,

By s/ Dennis Bremer
Alan G. Carlson (MN ID #14,801)
J. Derek Vandenburgh (MN ID #224,145)
Dennis Bremer (MN ID #299,182)
Brian Hayes (MN ID #294,585)
CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.C.
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota 55402
Ph. (612) 436-9600
Fx. (612) 436-9605

Andrew Ubel (MN ID #235,799)
VALSPAR
1101 Third Street South
Minneapolis, Minnesota 55415
Ph. (612) 375-7322