UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation, Valspar Sourcing, Inc., and Valspar Industries GmbH, Plaintiffs, v. Spraylat Corporation and Spraylat GmbH, Defendants. | Civil Action No. 01-CV-1605 JNE/JGL |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE REFERENCE TO ANY PURPORTED LACK OF NON-COMPETE CLAUSES IN VALSPAR'S EMPLOYMENT CONTRACTS WITH FORMER EMPLOYEES**

Plaintiffs (collectively "Valspar") have moved this Court to preclude Defendants from making any arguments or reference to the purported lack of enforceable non-competition clauses in any of Valspar's former employees' employment contracts as being relevant to Valspar's claims of trade secret misappropriation, tortious interference with confidentiality agreements, or tortious interference with Valspar's business relations by misappropriating trade secrets or inducing breach of confidentiality agreements. Whether Valspar's employees had enforceable non-competition clauses is irrelevant to those claims. Moreover, any evidence and arguments concerning the lack of non-competition clauses would confuse or mislead the jury, and would be highly prejudicial to Valspar. On any of these bases, all references to the availability or lack of non-competition clauses must be precluded.

## I. BACKGROUND

This suit primarily concerns Defendants' receipt and use of Valspar's trade secret and confidential information to start a competing mirror business. The trade secret and confidential information taken and used by Defendants includes (1) business information such as financial data, key employees, key market segments, and key customers and (2) technical information such as mirror solutions formulae and additives. (Court Docket Nos. 13-16; 286). This information was provided to Defendants by several former Valspar employees, including Alain DeBlandre, Guenther Reipa, Willie Luettgens, and Ludwig Kotschenreuther. Id. All of Valspar's former employees, prior to working with or for Defendants, had signed employments agreements containing confidentiality clauses ("confidentiality agreements") with Valspar and/or its predecessors in interest. These contracts protected Valspar information and data, specifically including "information, knowledge or data relating to the Company or its Affiliates" such as, for example, "production methods, chemical formulas, chemical compounds, client information, calculations and price lists, etc." Declaration of Dennis Bremer in Support of Plaintiffs' Motions in Limine, dated March 4, 2005 (Bremer Decl. in Support), Exs. 1 at §9; 2 at ¶ 2a; 3 at ¶ 1; and 4 at §6.

In filing this lawsuit against Defendants, Valspar contended, among other things, that the business and technical information taken and used by Defendants and Valspar's former employees was protected either as "trade secrets" under trade secret law or as confidential information or company data protected by its confidentiality agreements. (Court Docket No. 1, ¶¶ 7-21). Valspar claimed that Defendants misappropriated the trade secrets and tortiously interfered with both the confidentiality agreements and Valspar's business relations. Id., ¶¶ 22-55

In numerous pretrial briefs and motions, as well as during discovery, Defendants have repeatedly pointed out that Valspar may not have enforceable non-compete agreements with its former employees, and have inferred that Valspar is not entitled to any relief on its trade secret or breach-of-confidentiality agreement claims in the absence of such agreements. Defendants have received little benefit from this argument to date because the Court understands that employees have an obligation not to steal their employer's trade secrets and confidential information even in the absence of a non-compete agreement.

Valspar is concerned that Defendants may again attempt to introduce evidence and argument regarding the absence of non-compete agreements at trial. Doing so would enable the Defendants to distract the jury from the trade secrets and ***confidentiality*** agreements at issue in this case and to perhaps sew enough confusion to sway the jury into reaching a verdict divorced from the relevant facts and law. For example, Valspar anticipates that Defendants might attempt to suggest or argue to the jury that this case is all about competition and highlight a lack of enforceable non-compete agreements as evidence that should preclude Valspar from prevailing on any claim at trial. Worse yet, Defendants might attempt to argue that Valspar is merely bringing its trade secret and breach of confidentiality agreement claims in an effort to create an *ex post facto* non-competition obligation on its former employees – an idea that, in addition to being false, will curry unwarranted sympathy for the former employees who have indisputably taken Valspar's business and technical information.

The existence or nonexistence of enforceable non-compete agreements is not relevant to whether Defendants misappropriated trade secrets or induced Valspar employees to breach the confidentiality obligations—causes of action this Court specifically left open for trial in its summary judgment Order. Testimony, evidence, and arguments concerning non-compete

agreements will only confuse and distract the jury from the issues they must decide, all to the prejudice of Valspar. Thus, this Court should preclude Defendants from discussing the existence, or lack thereof, of non-compete agreements between Valspar and its former employees.

## II. ARGUMENT AND ANALYSIS

Relevant evidence is that which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. However, even relevant evidence should be excluded when its "probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury," or for numerous other reasons. Fed. R. Evid. 403.

Testimony, evidence and arguments regarding the purported lack of enforceable non-competition clauses in Valspar's former employees' contracts are irrelevant to the trade secret and breach-of-confidentiality agreement issues this Court addressed in its summary judgment Order and specifically left for the jury at trial. Those claims have nothing to do with non-competition covenants. See Leak Repairs, Inc. v. Energy Maint., Inc., No. 89-C-8034, 1991 U.S. Dist. LEXIS 13862, at *12 (N.D. Ill. September 26, 1991) (unlike covenants not to compete, contractual promises to not use or disclose confidential information do not, by themselves, limit the right of an employee to work for whom he chooses). Bremer Decl. in Support, Ex. 15.

The fact that the former employees may not have had enforceable non-compete agreements is irrelevant to the determination of whether they breached their confidentiality agreements. Confidentiality agreements are separate and distinct from restrictive covenants because they "serve entirely different purposes than do agreements not to compete and must be

analyzed on the basis of those distinct purposes alone." Harvey Barnett, Inc. v. Infant Swimming Research, Inc., 338 F.3d 1125, 1134 (10th Cir. 2003) (citation omitted). The purpose of a confidentiality provision is to prevent former employees from divulging confidential information regardless of whether the former employees are competing with the former employer. Id. Such a provision is patently different than a blanket covenant not to compete that purports to prevent former employees from working within the industry and from using widely known techniques. Id. Thus, as stated by another court:

> [N]on-disclosure covenants are legally separate from the non-competition covenants and, therefore, are not affected by a court's determination of a non-competition covenant's unenforceable nature: "It should be noted . . . that a claim for breach of covenant not to compete and one for wrongful disclosure and use of confidential information in violation of contract may be maintained separately and independently under the same or distinct provisions of the employment agreement." . . . . "Specific 'noncompetition' prohibitions concerning employment and customer solicitation must be analyzed separately from those concerning disclosure of confidential business information . . .."

Amerigas Propane, L.P. v. T-Bo Propane, Inc., 972 F. Supp. 685, 692 (S.D. Ga. 1997) (citations omitted); see also Johns-Manville Corp. v. Guardian Indus. Corp., 586 F. Supp. 1034, 1074 (D. Mich. 1983); Bell Fuel Corp. v. Cattolico, 544 A.2d 450, 457-58 (Pa. Super. Ct. 1988); Central Monitoring Serv., Inc. v. Zakinski, 553 N.W.2d 513, 516 (S.D. 1996); Zep Mfg. Co. v. Harthcock, 824 S.W.2d 654, 662 (Tex. Ct. App. 1992).

Likewise, the existence of non-competition agreements is irrelevant to the trade secret misappropriation claim. See Inter-Tel, Inc. v. CA Communications, Inc., No. 02-1864, 2003 U.S. Dist. LEXIS 23467, *14 (D. Minn. December 29, 2003) (holding non-compete covenants unenforceable but allowing misappropriation of trade secret claim to go forward because such a claim could be asserted "whether or not Defendants had any sort of restrictive covenant" and such a claim "do[es] not depend on the existence of restrictive covenants"). Bremer Decl. in

Support, Ex. 16. Either Defendants and the former employees misappropriated Valspar's trade secrets or they did not; the fact that they did not have a non-competition agreement does not make either conclusion more probable than the other.[1] Cf. Velo-Bind, Inc. v. Scheck, 285 F. Supp. 102, 109 (S.D.N.Y. 1979) (characterizing as "irrelevant" defendant's argument that the absence of a non-compete agreement precluded entry of an injunction based on her misappropriation of trade secrets "since a restrictive covenant is not essential to create liability" for misappropriation).

Even if the Court afforded this evidence some minimal weight, the evidence should still be excluded because any probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury, and unfair prejudice. Fed. R. Evid. 403. The distinction between non-competition clauses and confidentiality agreements will not be apparent to jurors. The jury will only be confused by Defendants constantly referring to non-competes, while Valspar discusses confidentiality agreements and trade secrets. In addition, any mention of non-competition clauses will require Valspar to expound on the inherent legal differences between such clauses through testimony and exhibits, adding further confusion to the jury. Because non-competition clauses have no relevance to the trade secret and breach-of-confidentiality agreement issues in this case, there is no legitimate reason to confuse the jury in this manner.

References to non-competition clauses will also mislead the jury and further prejudice Valspar by potentially swaying the jury to believe that the existence of such clauses is a central issue in the case. In fact, as explained above, the existence of such clauses is irrelevant. However, the jury may be swayed into believing that Valspar is relying in the confidentiality agreements and its trade secrets in an effort to obtain and enforce and ***ex post facto*** non-

[1] In view of the Court's ruling that Valspar's tortious interference with business relationships claim could go forward because it was based on trade secret misappropriation, any lack of enforceable non-competition agreements is irrelevant to that theory of relief for the same reasons expressed above. Order (Court Docket No. 286) at 18-19.

competition agreement, an idea presumably repugnant to many jurors. Such contentions are entirely inaccurate and prejudicial to Valspar.

Because covenants not to compete are not relevant to the trade secret and breach-of-confidentiality-agreement issues in this case, Valspar will be highly prejudiced by their very mention. Thus, this Court should preclude Defendants from discussing the existence, or lack thereof, of non-compete agreements between Valspar and its former employees.

## III. CONCLUSION

Any evidence or arguments about the purported lack of enforceable non-competition clause in contracts between Valspar and its former employees is completely irrelevant to the trade secrets and confidentiality agreements at issue in this case. Thus, Defendants should not be permitted to introduce evidence, testimony, or argument suggesting that the purported lack of non-competition clauses affects Valspar's lawsuit.

Dated this 4th day of March, 2005.

**THE VALSPAR CORPORATION, VALSPAR SOURCING, INC. AND VALSPAR INDUSTRIES GMBH**

By their attorneys,

By s\ Dennis C. Bremer

Alan G. Carlson (MN ID #14,801)
J. Derek Vandenburgh (MN ID #224,145)
Dennis Bremer (MN ID #299,182)
Brian Hayes (MN ID #294,585)
CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.C.
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota 55402
Ph. (612) 436-9600
Fx. (612) 436-9605

Andrew Ubel (MN ID #235,799)
VALSPAR
1101 Third Street South
Minneapolis, Minnesota 55415
Ph. (612) 375-7322