UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation, Valspar Sourcing, Inc., and Valspar Industries GmbH, Plaintiffs, v. Spraylat Corporation and Spraylat GmbH, Defendants. | Civil Action No. 01-CV-1605 JNE/JGL |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE REFERENCE TO THE GERMAN PROSECUTOR'S DECISIONS WHETHER TO PROCEED WITH CRIMINAL PROSECUTION OF DEFENDANTS' EMPLOYEES**

Plaintiffs (collectively "Valspar") have moved this Court to preclude Defendants from making any arguments or reference to the German prosecutor's decisions whether to proceed with criminal prosecution of Defendants' employees (Alain DeBlandre, Ludwig Kotschenreuther, Willi Luettgens and Gunther Reipa). The status of any German criminal prosecution is irrelevant to any issue that the jury must address, would confuse or mislead the jury given the differing standards of proof between criminal and civil proceedings, and could be highly prejudicial to the named parties. On any of these bases, all such references must be precluded. [1]

[1] Valspar only contends that the German prosecutor's decisions whether to proceed with criminal prosecution against Defendants' employees are irrelevant, and therefore should be excluded. However, Valspar's motion does not seek to foreclose all reference to the German criminal investigation because such evidence may become relevant during trial. For example, if Defendants challenge the authenticity of documents seized by German police, Valspar will submit evidence regarding the criminal complaint and resulting searches of Defendants' premises and the former Valspar employees' homes. Evidence regarding the German criminal investigation may, therefore, become relevant and should be allowed.

## I. BACKGROUND

This suit primarily concerns Defendants' receipt and use of Valspar's trade secret and confidential information to start a competing mirror business. The trade secret and confidential information taken and used by Defendants includes (1) business information such as financial data, key employees, key market segments, and key customers and (2) technical information such as mirror solutions formulae and additives. (Court Docket Nos. 13-16; 286). This information was provided to Defendants by several former Valspar employees (now Defendants' employees), including Alain DeBlandre, Guenther Reipa, Willie Luettgens, and Ludwig Kotschenreuther. Id.

Concurrent with the filing of the present suit, Valspar also filed a criminal complaint in Germany against its former employees. Valspar did so because each of these employees went to work for Defendants in Germany and because Valspar had discovered reliable evidence showing, among other things, that:

- DeBlandre had actively sought and obtained detailed Valspar business information from Luettgens while Luettgens was employed by Valspar and accessed Valspar's data bases;
- Reipa and Kotschenreuther erased substantial information from their Valspar computers right before they left Valspar, thus strongly suggesting that they had improperly taken Valspar trade secrets with them; and
- Reipa and Kotschenreuther stole manufacturing equipment from Valspar and installed it at Defendants' new manufacturing facility.[2]

Declaration of Dennis Bremer in Support of Plaintiffs' Motions in Limine, dated March 4, 2005 (Bremer Decl. in Support), Ex. 12.

[2] This Court dismissed Valspar's conversion claim in its March 31, 2004 Order. See Court Doc. No. 286 at 17.

The German authorities concluded that there was a sufficient indication of illegal activity to conduct a search and seizure of documents at Spraylat's facility and at the homes of many of the the former employees. During the ensuing searches in February 2002, German police seized documents, computers, and computer disks. (Court Docket No. 271, ¶ 25). The German authorities subsequently confirmed that the results of the search corroborated Valspar's accusations of criminal activity by its former employees. Bremer Decl. in Support, Ex. 13.

Valspar is not entirely certain of the status of the German criminal investigations against each of its former employees. Bremer Decl. ¶ 17. But, Valspar believes that the German prosecutor has elected to pursue a formal case against DeBlandre and Luettgens and to refrain from pursing a formal case against Reipa and Kotschenreuther. Id.

Valspar respectfully submits that evidence, testimony, or argument concerning the German prosecutor's decisions whether to pursue a formal case against Valspar's former employees should be precluded from this case. The prosecutor's decisions are irrelevant and would give rise to jury confusion and unfair prejudice.

## II. ARGUMENT AND ANALYSIS

Relevant evidence is that which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. However, even relevant evidence should be excluded when its "probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury," or for numerous other reasons. Fed. R. Evid. 403.

The German prosecutor's decisions in the concurrent German criminal investigation against the four ex-Valspar employees are not relevant to the issues to be tried by jury in this

case.[3] "As a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges." Goffstein v. State Farm & Cas. Co., 764 F.2d 522, 524 (8th Cir. 1985) (citation omitted); United States v. Sua, 307 F.3d 1150, 1153 (9th Cir. 2002) (because many factors influence a prosecutor's decision to prosecute or plea bargain a case, a decision to not prosecute a defendant is not attributed "to a belief of the defendant's innocence of the charges dropped") (summarizing United States v. Delgado, 903 F.2d 1495, 1499 (11th Cir. 1990)).

There are two compelling reasons for this general rule excluding references to a prosecutor's decision. First, the evidence has little or no probative value. Id. This is because prosecutors, in deciding whether or not to pursue charges against an individual, will take into account many other factors not relevant to a civil suit – e.g., the higher burden of proof, the adequacy, sufficiency, and propriety of the Government's investigative procedures, and the government's interest in securing the cooperation of a witness. See Kelly's Auto Parts, No. 1, Inc. v. Boughton, 809 F.2d 1247, 1252 (6th Cir. 1987) (citing Am. Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 325 (3rd Cir. 1985)); Delgado, 903 F.2d at 1499. Second, the evidence is inadmissible because it is, at best, the lay opinion of a prosecutor that is not based on personal knowledge and, thus, inadmissible. Kelly's Auto Parts, 809 F.2d at 1252 (citing Am. Home Assurance, 753 F.2d at 325); see also Fed. R. Evid. 602, 701.

Moreover, evidence or argument surrounding the German criminal investigation against the former Valspar employees also carries a significant risk of confusing or misleading the jury and prejudicing the parties. See Fed. R. Evid. 403. Jurors are not familiar with the German criminal justice system, much less the drastic differences between the "beyond a reasonable

[3] Pursuant to this Court's March 31, 2004 Order, the issues remaining to be tried are (i) misappropriation of trade secrets, (ii) tortious interference with the confidentiality provisions in Valspar's former employer-employee contracts, and (iii) tortious interference with Valspar's business relations. (Court Docket No. 286).

doubt" standard associated with criminal proceedings, and the lower "preponderance of the evidence" standard applicable to this civil case. Admission of this evidence would require the parties and the Court to explain these complicated legal distinctions to the jury. Distinguishing these legal concepts is inappropriate in this case in view of the claims at issue and would, at a minimum, confuse the jurors. Additionally, the jurors could be misled into believing that any pursuing or dropping of a formal criminal charge is highly probative of civil liability. These Rule 403 dangers are precisely why courts have excluded this type of evidence. See Delgado, 903 F.2d at 1499 (plea agreement offered for purposes of establishing the government's belief in a person's innocence was properly excluded under Fed. R. Evid. 403).

## III. CONCLUSION

Because any evidence or arguments about the German prosecutor's discretionary decisions on whether to pursue or not pursue a formal criminal case against Valspar's former employees is irrelevant to any issue that the jury must address, would confuse and mislead the jury given the differing standards of proof between criminal and civil proceedings, and would end up being highly prejudicial to the parties, any mention of them must be excluded. The Court should therefore grant Valspar's motion to preclude all such evidence or arguments.

Dated this 4th day of March, 2005.

**THE VALSPAR CORPORATION,
VALSPAR SOURCING, INC. AND
VALSPAR INDUSTRIES GMBH**

By their attorneys,

By s\ Dennis C. Bremer

Alan G. Carlson (MN ID #14,801)
J. Derek Vandenburgh (MN ID #224,145)
Dennis Bremer (MN ID #299,182)
Brian Hayes (MN ID #294,585)
CARLSON, CASPERS, VANDENBURGH
& LINDQUIST, P.C.
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota 55402
Ph. (612) 436-9600
Fx. (612) 436-9605

Andrew Ubel (MN ID #235,799)
VALSPAR
1101 Third Street South
Minneapolis, Minnesota 55415
Ph. (612) 375-7322