UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation, Valspar Sourcing, Inc., and Valspar Industries GmbH, Plaintiffs, v. Spraylat Corporation and Spraylat GmbH, Defendants. | Civil Action No. 01-CV-1605 JNE/JGL |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO PATENTS AND OTHER PUBLICATIONS WHICH WERE PUBLISHED AFTER JULY 26, 2001**

Plaintiffs (collectively "Valspar") move this Court to preclude Defendants from introducing testimony, evidence, or argument concerning patents and other publications that were published after July 26, 2001. Such publications post-date Defendants' alleged development of the chemical formulas and ingredient combinations at issue in this case and, thus, are completely irrelevant to the determination of whether Valspar's trade secrets were misappropriated or whether Valspar's ex-employees breached their confidentiality agreements. Moreover, any introduction of such evidence would confuse the jury and unfairly prejudice Valspar. For these reasons, all such references to these patents and other publications must be precluded.

## I. BACKGROUND

This suit primarily concerns Defendants' receipt and use of Valspar's trade secret and confidential information to start a competing mirror business. The trade secret and confidential information taken and used by Defendants includes (1) business information such as financial

data, key employees, key market segments, and key customers and (2) technical information such as mirror solutions formulae and additives (Court Docket Nos. 13-16 and 286). This information was provided to Defendants by several former Valspar employees, including Alain DeBlandre, Guenther Reipa, Willie Luettgens, and Ludwig Kotschenreuther. Id.

All of Valspar's former employees, prior to working with or for Defendants, had signed confidentiality agreements with Valspar and/or its predecessors in interest. These contracts protected Valspar information and data, specifically including "information, knowledge or data relating to the Company or its Affiliates" such as, for example, "production methods, chemical formulas, chemical compounds, client information, calculations and price lists, etc." Declaration of Dennis Bremer in Support of Plaintiffs' Motions in Limine, dated March 4, 2005 (Bremer Decl. in Support), Exs. 1 at §9; 2 at ¶ 2a; 3 at ¶ 1; and 4 at §6. By their very language, the contracts not only protected trade secrets, but also protected other confidential information that did not necessarily rise to the level of a legally protectible trade secret.

Valspar will introduce evidence at trial that during the summer of 2001, ex-Valspar employees Alain DeBlandre, Ludwig Kotschenreuther, Willi Lüttgens and Guenther Reipa engaged in the misappropriation of Valspar trade secret formulas for making chemical solutions used in the formation of mirrored surfaces. DeBlandre left the employ of Valspar at the end of 2000; Kotschenreuther, Lüttgens and Reipa's last day at Valspar was on June 30, 2001. See Bremer Decl. in Support, Exs. 5, 6. A mere three weeks after the two technical people, Reipa and Kotschenreuther, left Valspar to join Defendants, Defendants were in business selling solutions having virtually identical formulas to Valspar's. See, e.g., Bremer Decl. in Support, Exs. 7, 8 at Appendix B, Tables A-D. Indeed, it is not seriously disputed that, by no later than July 26, 2001,

Defendants' formulas – at least those for the silver solutions[1] – had become more like Valspar's formulas than any other formula known or used previously by Defendants and their affiliated companies. Bremer Decl. in Support, Exs. 8 at 6-9; 9 at 11.

In order to defend their actions, Defendants have taken great efforts to locate and produce patents and other publications that identify various components of Valspar's formulas being used in mirror solutions or metal-plating solutions. Defendants have done so with the hope of persuading the Court and ultimately the jury that Valspar's formulas and its use of various additives in various combinations are generally known or readily ascertainable, and should not be deemed a trade secret or confidential information protectible by Valspar.

In doing so, however, Defendants have relied on publications that did not exist at the time they started using Valspar's formulas and ingredients in the summer of 2001. As one example, Defendants have produced, and deposed Valspar's witnesses about, a patent that, according to Defendants, discloses the use of one of Valspar's additives in a silvering solution. Bremer Decl. in Support, Ex. 10. Notably, that particular patent issued on June 4, 2002 – almost one year after Defendants began using Valspar's additives and combinations of additives. Id.

Valspar respectfully submits that Defendants should not be permitted to introduce or rely on any documents published after July 26, 2001, including the June 4, 2002 patent, in order to justify their use of Valspar's formulas and unique combinations of additives. The misappropriation and breach of confidentiality obligations occurred by no later than July 26, 2001. Whether a document or patent was published after that date is irrelevant to determining Defendants' liability.

[1] As the Court may recall from the summary judgment briefing and oral argument, the mirror solutions at issue are two-part silvering solutions. One part is a silver solution (which contains the silver) and the other part is an activating or alkali solution.

## II. ARGUMENT AND ANALYSIS

Relevant evidence is that which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

It is well-settled law that any publication of a plaintiff's trade secret or confidential information ***after*** a defendant had misappropriated it cannot deprive the plaintiff of its pre-existing cause of action or of its right to complete injunctive and monetary relief against the wrongdoer. See, e.g., Rohm & Haas Co. v. Adco Chem. Co., 689 F.2d 424, 434 (3rd Cir. 1982) (citing Adolph Gottscho, Inc. v. American Marking Corp., 18 N.J. 467, 472-75, 114 A.2d 438, 440-442 (N.J. 1955)), cert. denied, 350 U.S. 834 (1955); see also Shamrock Techs. v. Med. Sterilization, No. 93-1101, 1993 U.S. App. LEXIS 24557, at *6 (Fed. Cir. September 21, 1993) (affirming that plaintiff had a protectible trade secret at the time of the misappropriation, as the patent disclosing the trade secret issued later) Bremer Decl. in Support, Ex. 23. Simply put, an after-the-fact public document cannot absolve a defendant of liability for its earlier wrongdoing.

Accordingly, any testimony, evidence or arguments concerning such after-the-fact publications is irrelevant in this action and should be excluded. Because Defendants "developed"[2] and began selling the formulas for their solutions by no later than July 26, 2001, this Court should use that date as the cut-off date.

Any such testimony, evidence or arguments also should be excluded under Federal Rule of Evidence 403. For example, there is a significant danger that a jury could be swayed to wrongly believe that if something is disclosed in a patent then it could never have been a trade

[2] It is Valspar's contention that Defendants did not conduct any true "development" – they merely copied and made minor changes to Valspar's trade secret and confidential formulas.

secret at all, even several years before such publication. A jury also could be swayed to wrongly believe that a later-issued patent to a third party somehow "trumps" Valspar's trade secret rights or Valspar's rights under its confidentiality agreements with its former (Defendants' current) employees. Any curative instruction would likely only confuse the jury. And there can be no doubt that Valspar will be prejudiced.

## III. CONCLUSION

Because any patents or other publications that became published after Defendants began using Valspar's additives are irrelevant to the question of misappropriation and highly prejudicial to Valspar, the Court should grant Valspar's motion to exclude any testimony, evidence or argument concerning such documents.

Dated this 4th day of March, 2005.

**THE VALSPAR CORPORATION, VALSPAR SOURCING, INC. AND VALSPAR INDUSTRIES GMBH**

By their attorneys,

By s\ Dennis C. Bremer
Alan G. Carlson (MN ID #14,801)
J. Derek Vandenburgh (MN ID #224,145)
Dennis Bremer (MN ID #299,182)
Brian Hayes (MN ID #294,585)
CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.C.
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota 55402
Ph. (612) 436-9600
Fx. (612) 436-9605

Andrew Ubel (MN ID #235,799)
VALSPAR
1101 Third Street South
Minneapolis, Minnesota 55415
Ph. (612) 375-7322