2004 U.S. Dist. LEXIS 10184

JOSEPH BAER versus MIDLAND ENTERPRISES d/b/a ORSOUTH TRANSPORTATION CO., et al.

CIVIL ACTION NO. 03-1331 SECTION "C" (5)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2004 U.S. Dist. LEXIS 10184

June 3, 2004, Decided
June 3, 2004, Filed, Entered

**DISPOSITION:** [*1] Plaintiff's Motion and Order in Limine granted in part and denied in part.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff employee filed suit against defendant employer, alleging claims for disability discrimination, harassment, invasion of privacy, and intentional infliction of emotional distress. The employee also filed a claim under the Jones Act. After the court granted partial summary judgment in favor of the employer, dismissing all claims except those under the Jones Act, the employee's motion in limine came before the court.

**OVERVIEW:** The employee, who worked as a ship pilot for the employer, filed a motion in limine to exclude certain evidence, including the records of his prior employment with two other ships, the records of his treatment at a hospital for his mental condition, and the records of his arrest on a prior occasion. The court held the employment records were properly obtained because the employer was not required to obtain the employee's consent for a release of the information and the employer gave the employee notice of its request for production of the records. However, the court found that the employment records were not admissible because they were relevant only to the issue of damages under the employer's after-acquired evidence defense, which had been dismissed from the case along with the employee's discrimination claims. The court further held: (1) the employee's medical records were admissible because they were relevant to the issue of whether the employee suffered significant mental anguish as a result of being fired and as a result of being battered by a fellow employee; and (2) the employee's arrest record was inadmissible under Fed. R. Evid. 401.

**OUTCOME:** The court granted the employee's motion in limine with respect to the prior employment records and the arrest records. The court denied the employee's motion with respect to the medical records.

**CORE TERMS:** admissible, after-acquired, relevant to prove, summary judgment, plea of guilty, inadmissible, hired, employment discrimination, admissibility, fellow employee, expungement, termination, wrongdoing, assaulted, withdrawn, probable, objected, battered, notice, admissible to prove, criminal proceeding, modus operandi, aforementioned, relevancy, subpoena, perceives, fired

**LexisNexis(TM) Headnotes**

***Civil Procedure > Discovery Methods > Requests for Production & Inspection***

[HN1]Fed. R. Civ. P. 30(b)(1) requires that notice be given to all parties to the litigation when one party seeks the production of documents from a non-party.

***Evidence > Relevance > Relevant Evidence***

[HN2]"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

***Evidence > Relevance > Relevant Evidence***

[HN3]Evidence which is not relevant is not admissible. Fed. R. Evid. 402.

***Labor & Employment Law > Discrimination > Disability Discrimination > Defenses & Exceptions***

***Labor & Employment Law > Discrimination > Disability Discrimination > Remedies***

[HN4]The after-acquired evidence defense provides that, where an employer discovers after termination that the employee engaged in wrongdoing, generally neither reinstatement nor front pay is an appropriate remedy.

***Evidence > Relevance > Prior Acts, Crimes & Wrongs***

[HN5]See Fed. R. Evid. 404(b).

***Evidence > Relevance > Pleas, Plea Discussions & Related Statements***

[HN6]See Fed. R. Evid. 410.

**COUNSEL:** JOSEPH BAER, plaintiff, Pro se, New Orleans, LA.

For MIDLAND ENTERPRISES dba Orsouth Transportation Co, INGRAM TOWING CORP, ORSOUTH TRANSPORT L.L.C., defendants: Don Keller Haycraft, David Latham Reisman, Liskow & Lewis, Stephen Mark Klyza, Mary Caroline Higgins, The Kullman Firm, New Orleans, LA.

**JUDGES:** Helen G. Berrigan, United States District Judge.

**OPINIONBY:** Helen G. Berrigan

**OPINION: ORDER AND REASONS**

Before the Court is Pro Se Plaintiff's, Joseph Baer, Motion and Order in Limine. After a thorough review of the record, the law, the Motion, and the memoranda filed in support of the Motion and in opposition thereto, Plaintiff's Motion and Order in Limine is hereby **GRANTED IN PART** and **DENIED IN PART.**

**I. BACKGROUND**

This suit arises out of Plaintiff's employment with Defendants. Defendants employed Plaintiff as a ship pilot from July 12, 2000 to March 18, 2002. Plaintiff claims that Defendants discriminated against him because of an alleged disability, harassed him, invaded his privacy, and intentionally inflicted emotional distress. He also made a claim under the Jones Act that a fellow **[*2]** employee assaulted and battered him. On June 2, 2004, the Court granted partial summary judgment in favor Defendants dismissing all Plaintiff's claims except those made under the Jones Act.

Although trial of the above-captioned matter was originally scheduled for March 25, 2004, the trial was continued along with all other applicable deadlines. The trial is now set for January 6, 2005. On March 17, 2004, Plaintiff filed the afore-mentioned Motion in Limine. Defendants filed an opposition on April 22, 2004.

Before the trial was continued, Plaintiff and Defendants compiled a bench book containing all the exhibits the parties intended to use at trial. Plaintiff objected to the introduction into evidence of four of those exhibits. Specifically, Plaintiff objected to the following exhibits on the following grounds: any records from the M/V Colonel because the records are irrelevant and were illegally obtained; any employee records from the Maryland Marine because the records are irrelevant; any New Orleans Municipal Court records as the exhibits are inadmissible under Rule 410 of the Federal Rules of Evidence; and any records from DePaul Hospital as **[*3]** they are irrelevant and were obtained without the permission of Plaintiff.

Defendant first contends that the Motion in Limine is premature in light of the continuance of the trial. Nevertheless, Defendant asserts that each of the documents is admissible.

At the time Plaintiff and Defendants filed the Motion and opposition, respectively, the Motion for Summary Judgment had not yet been ruled upon.

**II. LAW AND ANALYSIS**

**A. Plaintiff's Employment Records with the M/V Colonel**

Plaintiff objects to the introduction of his employment records with the M/V Colonel. He argues that the records were obtained improperly, that they are irrelevant; and that they are overly prejudicial.

First, Plaintiff's records were properly obtained. Plaintiff contends that neither the M/V Colonel nor Defendants asked for his consent to release the information. Likewise, he states that no one notified Plaintiff of the subpoena being served.

Although Defendants admit that they did not obtain a release from Plaintiff for the information, such a release is not necessary. *See* FED. R. CIV. PROC. 45; *Graham v. Casey's Gen'l Stores*, 206 F.R.D. 251 (S.D. Ind. 2002). **[*4]** Nowhere in Rule 45 of the Federal Rules of Civil Procedure or any other applicable Rule is such a release required. Additionally, Plaintiff has not directed the Court to any other Rule or statute which would prohibit introduction of Plaintiff's employment records without his consent to the employer's release of the information.

Plaintiff also states that he did not receive notice of the request for production of his employment records. Rule 30(b)(1) of the Federal Rules of Civil Procedure does [HN1]require that notice be given to all parties to the litigation when one party seeks the production of documents from a non-party. FED. R. CIV. PROC. 30(b)(1). It appears, however, that Defendants did give Plaintiff notice by sending him a copy of the letter they sent the M/V Colonel. Defendants have attached a copy of the letter they sent to the M/V Colonel requesting the employment records. In the letter itself, Defendants indicate that they sent a copy of the letter, to which was appended a copy of a subpoena, to Plaintiff.

Second, Plaintiff contends that the employment records **[*5]** are not relevant. [HN2]"Relevant evidence" means evidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FED. R. EVID. 401. [HN3]Evidence which is not relevant is not admissible. FED. R. EVID. 402. The employment records from the M/V Colonel include an incident report concerning a marine accident in which Plaintiff apparently ran the M/V Colonel aground. Plaintiff also apparently failed to mention this incident to Defendants at the time he was hired. Defendants contend that this evidence is relevant to prove its after-acquired evidence defense. [HN4]The after-acquired evidence defense, articulated by the Supreme Court in *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352, 360, 130 L. Ed. 2d 852, 115 S. Ct. 879 (1995), provides that where an employer discovers after termination that the employee engaged in wrongdoing, generally neither reinstatement nor front pay is an appropriate remedy. Defendants contend that, at the time it hired Plaintiff, had it known that Plaintiff lied about the incident, **[*6]** it would not have hired him. Defendants contend, and the Court agrees, that this evidence is indeed relevant to the issue of damages under the after-acquired evidence defense.

However, as aforementioned, on June 2, 2004, the Court partially granted summary judgment in favor of Defendants dismissing all of Plaintiff's employment discrimination claims. Therefore, this evidence, while once relevant to prove Defendants' after-acquired evidence defense, is no longer relevant to the claims or defenses of the parties. Accordingly, the evidence is not admissible to prove an after-acquired evidence defense.

However, Defendants contend that the evidence is relevant to prove that Plaintiff operates according to a modus operandi- that is, Defendants claim that, whenever Plaintiff perceives himself to be facing possible punishment, Plaintiff immediately becomes verbally abusive and threatening, denies any misconduct on his part, and then accuses the individual whom he perceives as a threat as engaging in unlawful and/or criminal conduct. Defendants claim that the employment records are relevant to show, therefore, that, because Plaintiff has made false accusations in the past, Plaintiff's assertion **[*7]** that he was assaulted by another seaman is, at best, untrue.

While Defendants might be able to jump through the hurdle created by Rule 404(b) of the Federal Rules of Evidence n1 Defendants point to in their opposition, the evidence must still be relevant under Rule 401. Evidence that Plaintiff may have acted according to a plan whenever he was accused is only relevant to show that, immediately prior to the termination of Plaintiff's employment, Plaintiff did in fact begin cursing at his supervisor and accusing him of wrongdoing. Such evidence is relevant only to prove that the employer had a legitimate non-discriminatory reason for firing Plaintiff. As aforementioned, all Plaintiff's employment discrimination claims were dismissed on summary judgment. Therefore, this evidence is not relevant.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Rule 404(b) of the Federal Rules of Evidence provides:[HN5]Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ..."

FED. R. EVID. 404(b).

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**[*8]**

**B. Plaintiff's Employment Records from the Maryland Marine**

Plaintiff also objects to the admissibility of his employment records from the Maryland Marine on the grounds of relevancy. Those records show that Plaintiff's employment with the Maryland Marine was terminated involuntarily due to his failure to perform the duties of relief captain. (Rec. Doc. 100, exhibit 10). Prior to his employment with Defendants, Plaintiff, according to Defendants, represented that he had not been fired from any other employment and that he had no performance issues during any other employment. (Rec. Doc. 100, exhibit 9). Defendants argue this evidence is relevant to prove its after-acquired evidence defense. Again, since Plaintiff's employment discrimination claims were dismissed, this evidence is no longer relevant and, therefore, is inadmissible.

**C. Plaintiff's Medical Records from DePaul Hospital**

Plaintiff claims that his medical records are not admissible because he has not executed a signed release of the records. Defendants have not yet obtained the medical records and anticipate filing a Motion to Compel Plaintiff to release his medical records. This matter, although plead **[*9]** as a matter of admissibility, is a matter of discoverability and has

been relegated by the local rules to the Magistrate Judges and shall not be addressed in this Order. Defendants remain free to file a Motion to Compel.

Plaintiff also claims that his medical records are not admissible as they are irrelevant. The crux of Plaintiff's remaining complaint is that he suffered significant mental anguish as a result of being fired and as a result of being battered by a fellow employee. Plaintiff was treated at DePaul Hospital for his mental condition. The records from DePaul Hospital are relevant to the issue of damages. Additionally, they are likely issued to the issue of causation. Therefore, they are admissible.

**D. Court Records Regarding Plaintiff's Arrest on May 27, 2003**

Plaintiff objects to the admissibility of the records of his arrest on May 27, 2003. Plaintiff contends that these records are inadmissible under Rule 410 of the Federal Rules of Evidence. Rule 410 [HN6]provides:Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made **[*10]** the plea or was a participant in the plea discussions:

(1) a plea of guilty which was later withdrawn;
(2) a plea of nolo contendere;
(3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or
(4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

However, such a statement is admissible (I) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record and in the presence of counsel.FED. R. EVID. 410.

Plaintiff attached to his Motion a copy of an Order from the Municipal Court for the Parish of Orleans dismissing the charges against him and expunging his record **[*11]** of the charges pursuant to LA. REV. STAT. 44:9. Defendants contend that they need more time to address this Motion as they are uncertain what has transpired in the Municipal Court for the Parish of Orleans.

Because it appears that Rule 410 is largely inapplicable to Plaintiff's conviction or the dismissal and expungement, the Court will deny Plaintiff's Motion.

However, the Court fails to see the relevancy of such evidence. Again, defendant contends that the evidence is relevant to show Plaintiff's modus operandi. As previously discussed such, even if this evidence could be construed to show a plan, Rule 401 bars its introduction into evidence except as provided in Rules 607, 608, and 609 of the Federal Rules of Evidence.

**III. CONCLUSION**

Plaintiff's Motion and Order in Limine is hereby **GRANTED IN PART** and **DENIED IN PART.**

Defendants may not introduce into evidence Plaintiff's employment records from the M/V Colonel or Maryland Marine or the records of his conviction and the subsequent dismissal and expungement, except for the purposes of impeachment.

Assuming Defendants are allowed to have discovery **[*12]** of Plaintiff's medical records from DePaul hospital and that the medical records are not subject to any other as of yet unraised evidentiary objection, such records are relevant and, accordingly, will be admissible except as just provided.

New Orleans, Louisiana, this 3rd day of June, 2004.

Helen G. Berrigan

United States District Judge

DR. JACOB E. LEVINE, DIANE LEVINE and PAULA LEVINE, Plaintiffs, v. PAUL GOLDIN, RONALD SCHAEFFER, et al., Defendants.

87 Civ 6337 (LBS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1993 U.S. Dist. LEXIS 5766

April 30, 1993, Decided
April 30, 1993, Filed

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff limited partners brought an action for breach of contract and breach of fiduciary duty against defendant general partners. The general partners filed a motion in limine that sought to exclude certain evidence. The limited partners filed a motion for leave to file a fifth amended complaint.

**OVERVIEW:** The limited partners argued that the general partners misappropriated partnership funds, either directly or by diversion to other partnerships managed by the general partners. The general partners sought to preclude the limited partners from offering the testimony of two expert witnesses. The court held that the limited partners must prove specific acts constituting breach. The court considered all of the information supplied by the limited partners about their experts. It concluded that the information furnished by the limited partners about their expert witnesses did not comply with the requirements of Fed. R. Civ. P. 26(b)(4)(A)(i) and did not furnish the general partners with adequate information to permit them to prepare to cross-examine the proposed expert witnesses. However, the limited partners were given one final opportunity to cure the inadequacies of their responses to the general partners' interrogatories before their expert witnesses would be barred.

**OUTCOME:** The limited partners' motion to amend the complaint was denied. The general partners' motion in limine was granted except with regard to the limited partners' proposed expert witnesses, as to which it was denied on condition that the limited partners' interrogatory responses were supplemented.

**CORE TERMS:** partnership, interrogatory, admissible, undisputed facts, punitive damages, breach of fiduciary duty, motion in limine, cause of action, dollar, subject matter, expert opinion, pre-trial, moving papers, undisputed, predicated, partners, managed, pleaded, scheme to defraud, common law fraud, supplemental, calculate, siphoned, opposing, information furnished, information required, breach of contract, introduce evidence, legal theories, instant motion

**LexisNexis(TM) Headnotes**

***Evidence > Relevance > Prior Acts, Crimes & Wrongs***

[HN1]Under F. R. Evid. 404(b), evidence of prior acts is admissible to establish the intent of the defendants and to show that their activity was part of a plan to defraud; to show knowledge and eliminate the inference of mistake; and to prove a wanton, willful and deliberate conspiracy.

***Contracts Law > Remedies > Punitive Damages***

[HN2]Punitive damages are not recoverable for breach of contract unless the claimant is seeking to vindicate some "public right."

***Civil Procedure > Discovery Methods > Interrogatories***

***Civil Procedure > Discovery Methods > Expert Witness Discovery***

[HN3]Fed. R. Civ. P. 26(b)(4)(A)(i) provides in pertinent part: A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

***Torts > Damages > Pain & Suffering***

[HN4]"Actuarial tables" are statistical data indicating life expectancy.

**JUDGES:** [*1] Lee

**OPINIONBY:** BARBARA A. LEE

**OPINION:** MEMORANDUM ORDER

BARBARA A. LEE, United States Magistrate Judge.

This is an action for breach of contract and breach of fiduciary duty brought by the limited partners of twelve real estate partnerships against the general partners. It is before me for all purposes upon consent of the parties pursuant to 28 U.S.C. § 636(c) and an Order of Reference by the Hon. Leonard B. Sand, U.S.D.J., entered November 17, 1992. Trial is scheduled for June 8, 1993. Presently before me are defendants' motion in limine seeking to exclude certain evidence and plaintiffs' motion for leave to file a Fifth Amended Complaint. Defendants' motion is granted with certain limited exceptions. Plaintiffs' motion is denied.

**BACKGROUND**

This action was filed September 11, 1987 and has had a long and tortuous history. The crux of plaintiffs' claims, as set out in their Fourth Amended Complaint, is that defendants have misappropriated partnership funds, either directly or by diversion to other partnerships managed by the defendants. The legal theories pleaded in the Fourth Amended Complaint included violation of the federal anti-racketeering **[*2]** laws, 18 U.S.C. § 1961 et seq. ("RICO"); breach of the partnership agreements and breach of fiduciary duty. Plaintiffs sought, among other relief, treble damages on the RICO claim, punitive damages on the claim for breach of fiduciary duty and an accounting pursuant to New York law. Jurisdiction was predicated on the RICO statute and, alternatively, on diversity of citizenship, which is not in dispute.

By Memorandum and Order dated November 14, 1991 ("1991 Dec."), Judge Cannella dismissed the RICO claims for legal insufficiency and the contract and fiduciary claims, to the extent that they accrued prior to September 11, 1981, as barred by the statute of limitations. Claims against two other defendants, Flushing Estates Associates and Park Manor Realty Co., were also dismissed. The effect of Judge Cannella's decision was to limit this case to plaintiffs' state-law claims accruing on or after September 11, 1981, for damages for breach of the partnership agreements and breach of fiduciary duty and for an accounting of the partnership assets.

The RICO claim was dismissed on the ground that, although the underlying predicate acts were based **[*3]** on fraud, plaintiffs had not pleaded the fraud with the particularity required by Rule 9(b), Fed. R. Civ. P.; instead, the Fourth Amended Complaint merely tracked the language of the statute with a conclusory allegation that defendants had committed at least two acts of mail and wire fraud, without any supporting facts. 1991 Dec. at 5. Leave to replead any of the dismissed claims was expressly denied. Id. at 8. Because plaintiffs had already "had four opportunities to state actionable RICO claims, but had been unable to do so," and had "repeatedly been unable to set forth any facts which would state a claim for relief against Flushing Estates Associates and Park Manor Realty Company," Judge Cannella dismissed those claims with prejudice. Id. at 7-8.

Following the reference to me pursuant to § 636(c), a pre-trial conference was held on March 22, 1993. Plaintiffs' attorney expressed a desire to file a Fifth Amended Complaint substituting common law fraud claims for the dismissed RICO claims; such a motion was not included in the schedule adopted at that conference because of my view that it was precluded by Judge Cannella's 1991 decision. No written order to that effect **[*4]** was entered, however, and because the conference was an informal one for purposes of scheduling, no record was made.

Following the conference, counsel, pursuant to my direction, submitted a new joint pre-trial order, intended to reflect the issues remaining in the case after Judge Cannella's decision. The parties, however, are in sharp disagreement as to what those issues are. Defendants, taking a narrower view of the scope of the issues to be tried, accordingly challenge the relevance of a number of plaintiffs' contentions, documentary and other evidence proposed to be offered in support of those contentions, and portions of the facts previously agreed to be undisputed. In addition, defendants move to preclude plaintiffs from offering the testimony of two expert witnesses, on the ground that defendants have not furnished the information required pursuant to Fed. R. Civ. P. 26(b)(4).

After the return date of defendants' motion in limine, plaintiffs filed their motion, returnable May 14, 1993, for leave to amend. Because plaintiffs' arguments in opposition to defendants' motion in limine are inseparable from their proposed amended complaint, plaintiffs' motion is discussed **[*5]** first.

**DISCUSSION**

I. Plaintiffs' Motion for Leave to Amend.

Plaintiffs' moving papers make clear that their proposed Fifth Amended Complaint "[does] not change the stated facts of the cause of action but merely relate[s] to a clarification of the legal theories upon which the plaintiff [sic] was proceeding." n1 A review of the proposed Fifth Amended Complaint attached to the moving papers makes clear that the allegations of fact are the same ones which Judge Cannella found legally insufficient. The only change is that these vague and general allegations are now pleaded on a theory of common law fraud rather than RICO. Misreading both the 1991 decision and Rule

9(b), Fed. R. Civ. P., plaintiffs argue that "the dismissal of their RICO cause of action by Judge Cannella, predicated on plaintiffs' failure to specifically allege detailed acts of wire and mail fraud, should not affect the plaintiffs' right to proceed on their common law claims for fraud." n2 This argument is nothing short of frivolous.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Affirmation of Barry I. Fredericks, Esq., executed April 22, 1993 ("April 22 Aff."), P 3; see also id. P 6.

**[*6]**

n2 Id. P 5.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Plaintiffs' motion is a clear violation of both Judge Cannella's 1991 decision denying leave to replead and my direction at the pre-trial conference (unfortunately not then reduced to an order) that such a motion was precluded by Judge Cannella's 1991 decision. In the circumstances, defendants should not be required to waste time and money filing opposing papers. Plaintiffs' motion is denied. There are no fraud issues to be tried in this case. Any further efforts to re-introduce those issues may result in sanctions.

II. Defendants' Motion in Limine.

A. Contentions relating to fraud. Paragraphs 5, 6 and 7 of the "Plaintiffs' Contentions" section of the joint pretrial order refer in general terms to a "pattern and intentional scheme to defraud" and a "pattern of fraud and deceit and misrepresentation." Since no cause of action for fraud survives Judge Cannella's decision dismissing the RICO claims, and leave to assert the same claims on a common law fraud theory has been denied, these contentions are not relevant to any issue to be tried. Evidence in support of the **[*7]** contentions in these paragraphs will not be received.

B. Evidence Relating to Events Prior to September 11, 1981.

Defendants seek the exclusion of those portions of the undisputed facts which "contain assertions with respect to the years before September 1981" -- some 21 paragraphs -- as well as some 53 of plaintiffs' proposed exhibits which "provide data on the time period before 1981." n3 Plaintiffs contend that this evidence is relevant and admissible pursuant to [HN1]Rule 404(b), Fed. R. Evid., as evidence of prior acts "to establish the intent of the defendants and to show that their activity was part of a plan to defraud"; to show knowledge and eliminate the inference of mistake; and to prove "a wanton, willful and deliberate conspiracy." n4 There are, however, no causes of action for fraud or conspiracy remaining in this case, and nothing in defendants' moving papers demonstrates how the challenged evidence tends to show that defendants breached the partnership agreement or their fiduciary duty as managing partners after September 11, 1981. The challenged portions of the undisputed facts state the dollar amounts of management and other fees paid by the partnerships in various **[*8]** years, before and after 1981, and in some instances state only a total for a period from, e.g., 1977 to 1988 (P 29). Plaintiffs' assertion that this information "deals directly with the management of the affairs of the particular named Limited Partnerships by the defendants prior to the artificial cut off date imposed by the Statute of Limitations" n5 is without support. This evidence has no conceivable relevance to the issues to be tried and would serve only to confuse the jury.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 Defendants' Memorandum of Law in Support of Motion in Limine, filed April 2, 1993 ("Def. Mem.") at 4, 6.

n4 Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion and [sic] in Limine filed April 19, 1993 ("Pl. Mem.") at 4-5; see also id. at 7.

n5 Id. at 6.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Plaintiffs also argue that the evidence of conduct prior to 1981 is relevant to plaintiffs' claims for punitive damages, citing two Eighth Circuit decisions. n6 Under New York law, however, [HN2]punitive damages are not recoverable for breach of contract **[*9]** unless the claimant is seeking to vindicate some "public right." Halpin v. Prudential Ins. Co., 48 N.Y.2d 906, 401 N.E.2d 171, 425 N.Y.S.2d 48 (1979) (mem.); Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 353 N.E.2d 793, 386 N.Y.S.2d 831 (1976); accord Durham Industries, Inc. v. North River Ins. Co., 673 F.2d 37 (2d Cir.), cert. denied, 459 U.S. 827 (1982); Parke-Hayden, Inc. v. Loews Theatre Management Corp., 789 F. Supp. 1257, 1267-68 (S.D.N.Y. 1992); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 715 F. Supp. 578, 586-87 (S.D.N.Y. 1989). There are no such issues in this case and plaintiffs' papers in opposition to the instant motion do not even address this issue. Evidence pertaining to punitive damages will not be received.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 Pl. Mem. at 9. Paragraph 8 of the "Plaintiffs' Contentions" section of the Joint Pretrial Order also states that "Plaintiffs contend that all such activities give rise to the imposition of punitive damages in an amount to be determined by the Court and Jury."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*10]

Those portions of PP 12, 15, 17, 20, 22, 24, 26, 28, 30, 33 and 35 of the "Undisputed Facts" section of the Revised Joint Pretrial Order relating to 1981 and prior years are not admissible. The remaining portions of those paragraphs may be read into the record; if the parties desire to submit this evidence to the jury in written form it must be retyped to eliminate all reference to the excluded portions.

Paragraphs 13, 16, 18, 21, 23, 25, 27, 29, 31 and 34 of the "Undisputed Facts" section of the Revised Joint Pretrial Order, which state only cumulative dollar amounts for a period of years before and after 1981, are not admissible. If the parties are able to agree on undisputed amounts for any of the partnerships for a period beginning no earlier than September 11, 1981, the Joint Pretrial Order may be amended by stipulation; otherwise, any party may submit a proposed amendment to the Joint Pretrial Order (by motion returnable no later than one week prior to the trial date) adding reference to the witnesses or exhibits by which the party will attempt to prove a disputed amount.

Plaintiffs' proposed exhibits 27, 36, 59, 75, 82 and 130 through 177, all of which are financial statements [*11] for the years 1981 or earlier, are not admissible for the same reason.

C. Evidence of Defendants' Acts Relating to Other Partnerships.

It is undisputed that no claim is asserted on behalf of Cedarhurst Associates, Sutton 56 or "54 Realty Associates II" (an apparent reference to a non-existent entity).

Plaintiffs contend that the reference to "54 Realty Associates II" is a typographical error, and that the evidence to be offered will relate to 54 Realty Associates. n7 That issue is therefore apparently moot and the Joint Pre-Trial Order will be deemed amended to refer to substitute "54 Realty Associates" for "54 Realty Associates II" wherever that term appears.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 Pl. Mem. at 4 n.1.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

As to Cedarhurst Associates and Sutton 56, plaintiffs rely on the same "prior acts" theory on which the pre-1981 evidence is offered, arguing that they seek "to introduce evidence of prior incidents where the defendants, using their position as General Partners, improperly took real estate commissions and fees" in order to show [*12] "that the defendants' acts were intentional and part of a plan and scheme to defraud." n8 On its face, this theory appears to rest on nothing more than the kind of "bad man, bad act" inference expressly prohibited by Rule 404(a), Fed. R. Evid. n9 As discussed above, there is no cause of action for a "scheme to defraud" to be tried in this case. To prove their claims of breach of the partnership agreements or breach of their fiduciary duty, plaintiffs must prove specific acts constituting breach. How the defendants managed other partnerships is not probative of whether they committed any such acts or omissions against these plaintiffs.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n8 Id. at 8.

n9 See Advisory Committee Note to Proposed Rule 404, 56 F.R.D. 183, 221 (1972).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Paragraphs 1, 2, 18, 26, 27 and 54 of the "Undisputed Facts" and plaintiffs' proposed exhibits 51, 51A, 51B, 52, 53, 54, 55, 56, 153-57, 175, 176 and 177 are not admissible. Other evidence in support of "Plaintiffs' Contentions" PP 3(a) and 3(b) will [*13] not be received, since those paragraphs relate to matters not in issue in this case and evidence in support of those contentions will not be received.

D. Evidence Relating to Dismissed Defendants.

Plaintiffs' claims against Flushing Estates Associates and Park Manor Realty Co. were dismissed by Judge Cannella with prejudice. 1991 Dec. at 6-7. They now seek to introduce evidence that these companies incorporate into their management fees certain charges for which the defendants bill separately, "as a contrast to the improper practices engaged in by the defendants" and "to establish the knowledge of

[defendants] as to fees being charged with respect to other Limited Partnerships which they managed and controlled." n10 Plaintiffs do not proffer any independent evidence of either the reasonableness of the fees charged by the dismissed defendants or the comparability of their contracts and properties to the ones here in issue. In these circumstances, the fact that others may charge lower fees to other partnerships is in no way probative of the reasonableness of the fees charged by the defendants to the partnerships in which plaintiffs invested.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n10 Pl. Mem. at 10-11.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**[*14]**

Plaintiffs' proposed exhibits 89 through 112A and 119 are not admissible.

E. Expert Witnesses.

Plaintiff's list of proposed witnesses, JPTO pp. 23-24, includes Harold Hiltzik, C.P.A. and Walter Zweifler. Although neither is described as an expert witness, Mr. Hiltzik is identified as "the Plaintiffs' accountant to examine the books and records of the various partnerships" and the subject of Mr. Zweifler's testimony is described as "the value of the dollar loss that the partnerships sustained by reason of being deprived of the use of the funds as a result of defendants['] wrongful acts."

In interrogatories propounded September 16, 1992, and attached to defendants' moving affidavit, defendants requested identifying information about plaintiffs' proposed expert witnesses and, tracking the language of Rule 26(b)(4)(A)(i), Fed. R. Civ. P., asked plaintiffs to "describe the substance of the facts and opinions as to which he or she is expected to testify and provide a summary of the grounds of each opinion." n11

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n11 Ex. A to Affidavit of Jonathan Honig, Esq. sworn to April 1, 1993, submitted in support of defendants' motion.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**[*15]**

In unsworn responses dated October 6, 1992, signed by defendants' attorney of record, plaintiffs identified Mr. Zweifler and Mr. Hiltzik and described their proposed testimony as follows:

Mr. Zweifler is a Financial Consultant. He will testify as to his review of the financial statements provided by the Defendant [sic] and the allegations in the complaint and Pretrial Order with respect to monies of the partnership [sic] which were used by the general partnerships for improper purposes. He will testify as to the value of said money and the damages which the partnerships would have incurred by reason of being deprived of the use of said funds.

Mr. Hiltzik is a Certified Public Accountant, who has examined the books and records of the various partnerships. He will testify with respect to the improper use of partnership funds as evidenced by said financial statements, improper allocation of income by the Defendants, improper charges made by the Defendants against the various partnerships. Specifically, he will testify as to the allegations set forth in paragraph 36a through e of the Plaintiff's [sic] Contentions as set forth in the Pretrial Order. n12

The meaning of the **[*16]** cross-reference to "paragraph 36a through e" is unclear. Plaintiffs' Contentions, in both the original and the revised Joint Pre-trial Order, consist of seven paragraphs; there is no paragraph 36a through e in any section of either version of the Order.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n12 Ex. B to id.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Defendants argue that the quoted responses are inadequate. Plaintiffs respond that defendants' objections to the interrogatory responses were insufficiently specific and that, in effect, any inadequacy is therefore the fault of defendants' counsel. n13 Addressing the merits, the affidavit of plaintiffs' attorney submitted in opposition to the instant motion states additional information concerning the anticipated content of the testimony of both witnesses.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n13 Affirmation of Barry I. Fredericks, Esq., executed April 9, 1993, submitted in opposition to the motion ("April 19 Aff."), PP 4, 5.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**[*17]** [HN3]

Rule 26(b)(4)(A)(i) provides in pertinent part:A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.This provision, enacted in 1970, specifies the minimum information required to be disclosed with respect to a party's proposed expert witnesses. See Advisory Committee Note to 1970 Amendments, 48 F.R.D. 487, 504 (1970). It was intended to assure that adverse parties would be provided with adequate information about the content of expert testimony to permit them to cross-examine, while minimizing the risk "that one side will benefit unduly from the other's better preparation." Id.

Considering all of the information supplied by plaintiffs about their experts, including that proffered for the first time in opposition to this motion, it is clear that the minimum requirements of the Rule have not been met. At most, plaintiffs have disclosed "the subject matter **[*18]** on which the experts [are] expected to testify," within the first clause of the Rule; there has been no effort to supply the information called for by either the second clause ("the substance of the facts and opinions") or the third ("a summary of the grounds for each opinion").

As to Mr. Hiltzik, neither plaintiffs' interrogatory responses nor the references in the joint pre-trial order provide any useful information. "The improper use of partnership funds as evidenced by said financial statements" is at best only the broadest reference to the subject matter of the proposed testimony; with no clue as to the "substance of the opinion" or the "grounds therefor." The documents included in the opposing papers do nothing to cure these omissions. Plaintiffs proffer what is characterized as a "report" by Mr. Hiltzik and argue that "these reports together with the information contained in the initial and revised Pre-trial Orders, provided the defendants with the substance of Mr. Hiltzik's testimony and the basis upon which said testimony would be predicated." n14 The documents referred to consist of correspondence between Mr. Hiltzik and certain of the plaintiffs and defendants dated **[*19]** between October 22, 1985 and March 29, 1989, relating to his examination of the books of certain of the partnerships for the years 1984 to 1988. n15 They do not on their face appear to contain any expert opinion on matters in issue in this litigation. While some of the facts stated might conceivably be the basis for an expert opinion, there is nothing in the materials furnished by plaintiffs to permit the defendants or the court to determine what those facts are or, more important, the substance of any opinion derived from them.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n14 April 19 Aff., P 3.

n15 Ex. E to id.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The record with respect to Mr. Zweifler is even less adequate. In his opposing papers, plaintiffs' attorney states that this witnesswill testify as to the value of the money which the defendants siphoned off as of the dates it was siphoned off from the various Limited Partnerships in issue. Using actuarial tables [sic] he will calculate the value of the money, and will thereby calculate and testify as to the damage that the plaintiffs **[*20]** have incurred by reason of the deprivation of the funds which were pocketed by the General Partners. n16

[HN4]"Actuarial tables" are statistical data indicating life expectancy. Black's Law Dictionary 36 (6th ed. 1990); West's Legal Thesaurus/Dictionary 22 (1986); see also Commissioner of Internal Revenue v. Maresi, 156 F.2d 929, 931 (2d Cir. 1946) (L. Hand, J.). Whether Mr. Zweifler is a "financial consultant," as plaintiffs' unsworn response to defendants' expert interrogatory states, or an "actuary," as he is described in plaintiffs' memorandum of law in opposition to this motion, it is not immediately apparent how actuarial tables can form the basis of an expert opinion about the value of money. Taking together all of the information furnished by plaintiffs about this witness, there has been no disclosure of either the substance of his opinion(s) as to "value" or what method he will use to calculate it. In summary, the information furnished by plaintiffs about Mr. Hiltzik and Mr. Zweifler does not comply with the requirements of Rule 26(b)(4)(A)(i) and does not furnish defendants with adequate information to permit them to prepare to cross-examine **[*21]** these proposed expert witnesses. Within reasonable limits, however, litigation should be decided on its merits rather than on the basis of procedural errors. Plaintiffs should therefore be given one final opportunity to cure the inadequacies of their responses to defendants' interrogatories before their expert witnesses will be barred.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n16 April 9 Aff. P 5. See also Pl. Mem. at 11, which states that Mr. Zweifler "will testify merely as to the value of the monies that were siphoned off by the defendants from the named Limited Partnerships and the damages which said Limited Partnerships incurred by the misappropriation of funds by the defendants."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Mr. Hiltzik and Mr. Zweifler will not be permitted to testify to any expert opinion unless the content of each such opinion is disclosed, together with the factual bases therefor, in a supplemental interrogatory response served no later than May 24, 1993. General reference to the subject matter of such opinion will not be deemed compliance with this order. Any such **[*22]** opinion shall be separately stated as to each partnership. If an expert will testify to any dollar amount (or range of dollar amounts) bearing on the computation of damages as to any of the partnerships, that dollar amount (or range), and the method by which it was calculated, must be included in the supplemental response.

If supplemental responses are served and defendants contend they are insufficient, counsel shall confer, in person or by telephone, in an effort to resolve the dispute by reference to specific respects in which the response is considered inadequate. If the dispute cannot be resolved by conference, counsel shall submit a joint letter in accordance with my "Procedures for Informal Resolution of Discovery Disputes" which must be received in chambers no later than 4:00 p.m. on June 3, 1993.

**CONCLUSION**

Plaintiffs' motion for leave to file a Fifth Amended Complaint is denied in all respects.

Defendants' motion in limine is granted except as to plaintiffs' proposed expert witnesses Harold Hiltzik and Walter Zweifler, as to which it is denied on condition that plaintiffs' interrogatory responses are supplemented as directed herein, with leave to the defendants **[*23]** to renew the motion at trial if the responses are not so supplemented.

The Revised Joint Pre-trial Order is deemed amended in accordance with the foregoing.

Pursuant to 28 U.S.C. § 636(c), it is so ordered.

Barbara A. Lee

United States Magistrate Judge

Dated: New York, New York
April 30, 1993