1994 U.S. Dist. LEXIS 11118

CHRISTINA P. TOMPULIS, Plaintiff, v. SCHWARTZ & FREEMAN, JOHN CUMMENS, and JULIE DANA, Defendants.

No. 92 C 7375

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1994 U.S. Dist. LEXIS 11118

August 5, 1994, Decided
August 9, 1994, Docketed

## CASE SUMMARY

**PROCEDURAL POSTURE:** The court entertained a group of in limine motions relative to the proposed trial evidence to be presented by plaintiff former employee in support of her claim of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.S. § 621 et seq., against defendant employer, who also filed motions to bar evidence regarding the employee's discrimination claims under both federal and state law.

**OVERVIEW:** The court made determinations regarding in limine motions for evidence to be presented at trial pursuant to the employee's claim of discriminatory termination in violation of the ADEA. The court granted the employee's motion to bar hearsay testimony of conversations of other employers and co-employees in compliance with Fed. R. Evid. 802. The court denied the employee's motion to exclude personnel file documents because the employee failed to substantiate her claim that the documents were "unfairly prejudicial." The court also denied the employee's motion to bar evidence of her past performance based on the court's assessment that the evidence could have relevance and should not be precluded. The court denied the employer's motion to exclude state agency findings related to the employee's corollary state law discrimination claim on the basis that the evidence's prejudicial effect outweighed its probative value. The court granted the employer's motion to bar evidence pertaining to the employee's alleged emotional distress and damages claim stemming from retirement plan contributions and withdrawals because damages for awards based on those claims were not proper under the ADEA.

**OUTCOME:** The court granted the employee's motion to bar hearsay testimony of the employer and denied her motion to bar evidence of personnel documents not in her file. In response to the employer's motions, the court granted the motion to preclude evidence of the employee's compensable damages, and denied in part and granted in part the motions to bar evidence related to the employee's corollary state discrimination claim.

**CORE TERMS:** evidence relating, termination, motion to exclude, personnel file, verified response, admissibility, probative value, admissible, age discrimination, motion in limine, terminated, wages, pain and suffering, conversations, discovery, unfairly, vesting, limine, unfair, inherently unreliable, hearsay testimony, oral argument, redact, offset, typed, trustworthiness, allegations contained, evidence pertaining, severance pay, prejudicial

### LexisNexis(TM) Headnotes

***Civil Procedure > Trials > Motions In Limine***

[HN1]Federal district courts have the power to exclude evidence in limine pursuant to their authority to manage trials. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that, without the context of trial, a court is unable to determine whether the evidence in question should be excluded. A court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine.

***Evidence > Relevance > Confusion, Prejudice & Waste of Time***

[HN2]Conclusory statements that documents are "unfairly prejudicial" is an insufficient basis for a court to conclude that the probative value of the documents "is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Litigants must identify the specific nature of the prejudice they fear; the possibility that unfavorable evidence may be admitted does not constitute prejudice.

***Evidence > Witnesses > Examination & Presentation of Evidence***

***Evidence > Relevance > Confusion, Prejudice & Waste of Time***

[HN3]A witness's hostility is not grounds for excluding his or her testimony on a motion in limine. The possibility that the witnesses in question are hostile is something that can be thoroughly explored during cross-examination; it is an issue that speaks to the weight of the evidence not its admissibility. Exposure to a hostile witness, without more, does not constitute unfair prejudice.

***Evidence > Relevance > Confusion, Prejudice & Waste of Time***

***Evidence > Hearsay Rule & Exceptions > Public Records & Vital Statistics***

[HN4]Trial courts have broad discretion when ruling on the admissibility of administrative findings regarding claims of discrimination. Administrative findings regarding claims of discrimination are generally admissible under Fed. R. Evid. 803(8)(C) (the public records and investigatory file exception to the hearsay rule). However, such evidence may be excluded where the circumstances indicate lack of trustworthiness, or where the prejudicial effect of the evidence substantially outweighs its probative value.

***Labor & Employment Law > Discrimination > Age Discrimination > Remedies***

[HN5]Damages for pain and suffering are not properly awarded under the Age Discrimination in Employment Act, 29 U.S.C.S. § 621 seq.

***Labor & Employment Law > Discrimination > Age Discrimination > Remedies***

[HN6]Awards for ordinary consequential damages beyond lost wages and benefits are not proper under the Age Discrimination in Employment Act, 29 U.S.C.S. § 621 et seq.

**JUDGES: [*1]** Castillo

**OPINIONBY:** RUBEN CASTILLO

**OPINION: MEMORANDUM OPINION AND ORDER**

In this employment discrimination action, plaintiff Christina Tompulis ("Tompulis") sues defendants Schwartz & Freeman, John Cummens ("Cummens"), Administrator at Schwartz & Freeman, and Julie Dana ("Dana"), Personnel Coordinator at Schwartz & Freeman, alleging that these defendants violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, when they terminated Tompulis' employment at Schwartz & Freeman.

Presently before the court are the following motions *in limine:* (1) Plaintiff's motion to bar from evidence hearsay testimony by defendants Dana and Cummens relating to conversations these defendants purportedly had with any present or former attorney, associate or paralegal of Schwartz and Freeman concerning Tompulis or her performance as a secretary; (2) Plaintiff's motion to bar from evidence certain documents that Tompulis asserts were not present in her personnel file when she received it following her termination; (3) Plaintiff's motion to bar from evidence certain facts which are inconsistent with the documents contained in Tompulis' personnel file; **[*2]** (4) Plaintiff's motion to exclude Fran Brignardello as a witness; (5) Defendants' motion to bar evidence predating August 1, 1989; (6) Defendants' motion to bar evidence relating to plaintiff's dismissed ERISA claim; (7) Defendants' motion to bar evidence relating to plaintiff's age discrimination charge before the Illinois Department of Human Rights; (8) Defendants' motion to bar evidence regarding Ms. Tompulis' pain and suffering as a compensable element of damages; (9) Defendants' motion to bar evidence relating to Schwartz & Freeman's 1991 contribution to Tompulis' Keogh account and to bar evidence relating to any extra Keogh tax incurred by Tompulis. The parties have thoroughly briefed the issues and oral argument was heard on August 4, 1994.

[HN1]Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials. Luce v. United States, 469 U.S. 38, 41 n.4, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984). Guidelines governing motions *in limine* were recently set forth in Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398 (N.D. Ill. 1993), **[*3]** as follows:

> This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine.*

Id. at 1400-01. With these guidelines in mind, we turn to the motions before the court.

*Plaintiff's motion to bar hearsay testimony by Dana and Cummens*

The court grants Plaintiff's motion to bar hearsay testimony by Cummens and Dana concerning conversations they had with present and former attorneys, or other employees at Schwartz & Freeman, concerning Tompulis' performance. **[*4]** Specifically, Cummens and Dana shall not testify as to any such conversations where the testimony is offered to prove the truth of the matter asserted during those conversations. FED. R. EVID. 802. In the event that defendants wish to present testimony by Cummens or Dana concerning these conversations -- under the theory that the testimony is either not hearsay (because it is offered for purposes other than to prove the truth of the matter asserted) or is subject to a hearsay exception -- they shall first advise the court and obtain a ruling, outside of the presence of the jury, concerning the admissibility of the testimony.

*Plaintiff's motion to bar certain documents and certain facts*

Plaintiff moves *in limine* to exclude certain written exhibits which, she asserts, were not present in her personnel file when she received it from defendants following her termination and which, she contends, "are unfairly prejudicial and may have been made after Tompulis' employment was terminated." Plaintiff's Motion *In Limine* at 10. These exhibits include:(a) A memorandum dated June 12, 1990, contained in a file submitted to the Illinois Department of Human Rights ("IDHR") **[*5]** by defendant, which Defendant contends was typed by Tompulis although it does not contain her signature or initials;

(b) A letter allegedly typed by Tompulis for Mary Beth Pickarski which does not bear Tompulis' normal letters indicating that she had typed the document;

(c) A letter dated March 20, 1987, allegedly typed by Tompulis and presented by defendant to IDHR to illustrate Tompulis' proofreading errors.

(d) Memoranda authored by Dana dated June 12, 1990, January 10, 1991, and April 23, 1990.

Tompulis' suggestion that the foregoing documents may have been created after her termination speaks to the proper weight that should be afforded to the documents not their admissibility. Tompulis will have ample opportunity to cross examine defendants' witnesses concerning the validity of these documents.

Additionally, Tompulis' [HN2]conclusory statement that the documents are "unfairly prejudicial" is an insufficient basis for this court to conclude that the probative value of the documents "is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. Litigants must identify the specific nature of the prejudice they fear; the possibility that unfavorable evidence **[*6]** may be admitted does not constitute prejudice.

To the extent that Tompulis believes she is prejudiced by the fact that the documents were not contained in her personnel file when she obtained it on January 15, 1991, she does not explain how this constitutes prejudice -- given that she was aware of the existence of these documents from the IDHR proceedings. Certainly, she cannot claim surprise. Accordingly, Tompulis' motion to exclude these exhibits is denied.

Tompulis also moves for the exclusion of certain testimony which she contends is inconsistent with the documents contained in Tompulis' personnel file. In the name of judicial economy, the court will not attempt to enumerate the various instances of testimony Tompulis would like barred; instead, reference may be made to paragraph 7 of her motion.

To the extent that the testimony may be inconsistent with Tompulis' personnel file, and to the extent that the testimony "smell[s] of recent fabrication," Plaintiff's Motion at 9, these are arguments that speak to the weight of the evidence not its admissibility; and, Tompulis' claim that the testimony is unfairly prejudicial is unsubstantiated. Accordingly, Tompulis' motion to exclude **[*7]** testimony inconsistent with documents contained in her personnel file is denied.

*Plaintiff's motion to exclude Fran Brignardello*

Plaintiff moves to exclude testimony by Fran Brignardello claiming that this witness was not previously disclosed during discovery and because Brignardello "was only a co-worker of Tompulis so her testimony would have no probative value" Tompulis' Motion at 10. However, defendants point out, and Tompulis does not deny, that Tompulis took no discovery seeking disclosure of witnesses in this case; hence, Tompulis cannot complain that the witness was not disclosed during discovery. n1 It cannot be disputed that Brignardello is properly disclosed as a potential witness in the final pretrial order submitted by the parties. Although Tompulis contends that Brignardello's testimony lacks probative value because Brignardello was merely a co-worker who was not involved in the termination decision, there is no way of

knowing precisely the content of Brignardello's testimony. n2 Therefore, the court can make no determination at this time as to the admissibility of Brignardello's testimony and Tompulis' motion to exclude Brignardello's testimony must be denied. **[*8]**

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 At oral argument, defendants' counsel represented to the court that when this federal civil action was initiated, counsel for both parties agreed not to duplicate the discovery that had been exchanged in the proceedings before the IDHR. Defendants' counsel represented, however, that this agreement was not intended to foreclose any other discovery in this case.

n2 At oral argument, Defendants' counsel stated that Brignardello has personal knowledge of events occurring during the summer before Tompulis's termination relating to secretarial reassignments.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

*Defendants' motion to bar evidence predating August 1, 1989*

Defendants move to bar any evidence regarding assessment of Tompulis' performance before August 1, 1989. Defendants contend that the decision-maker with respect to Tompulis' termination was Schwartz & Freeman's Administrator, Cummens, who began employment with Schwartz & Freeman on August 1, 1989. Cummens relied, in part, on the recommendations of Dana who became Personnel Coordinator **[*9]** at Schwartz & Freeman on or about January 1, 1990. Defendants contend that evidence concerning Tompulis' performance prior to Cummens' starting date of August 1, 1989, is not relevant to Cummens or Dana's reasons for terminating Tompulis. Also, defendants assert that the witnesses expected to testify as to Tompulis' pre-August 1, 1989, performance are former Schwartz & Freeman employees who left after being unfavorably reviewed. Thus, defendants argue, the testimony is expected to be hostile and will unfairly prejudice Schwartz & Freeman.

The fact that certain performance evaluations predate Cummens or Dana's starting date hardly compels the conclusion that Cummens and Dana were unaware of the contents of such evaluations. Because the court finds that evidence relating to the evaluations in question, with the proper foundation, may be relevant to Tompulis' case, the court will not preclude, on this motion *in limine,* Tompulis' ability to prove that Cummens and Dana were aware of her prior favorable evaluations and disregarded them; nor, will the court preclude Tompulis' ability to rely on those evaluations for purposes of demonstrating pretext.

It should go without saying that **[*10]** [HN3]a witness's hostility is not grounds for excluding his or her testimony on a motion *in limine.* The possibility that the witnesses in question are hostile to Schwartz & Freeman is something that can be thoroughly explored during cross-examination; it is an issue that speaks to the weight of the evidence not its admissibility. Finally, defendants invoke the incantation that they will be "unfairly prejudiced" by the hostile testimony without delineating the nature of the unfair prejudice. Plainly, exposure to a hostile witness, without more, does not constitute unfair prejudice. Accordingly, defendants' motion to bar testimony concerning Tompulis' performance prior to August 1, 1989, is denied.

*Defendants' motion to bar evidence relating to plaintiff's dismissed ERISA claim*

Defendants move to bar Tompulis, her attorney or any witness from referring to Tompulis' claim that Schwartz & Freeman terminated her employment in violation of her rights under the Employee Retirement Income Security Act ("ERISA"). In particular it appears that defendants seek to exclude any evidence relating to: (a) the vesting date of Schwartz & Freeman's Keogh plan; (b) whether Schwartz & Freeman **[*11]** had made all Keogh contributions due plaintiff under said plan; and (c) whether Tompulis was fired to preclude her from receiving a contribution for 1990. Tompulis responds that she is not attempting to raise these issues. Defendants also move to bar the testimony of Winifred McNellis whose duties at Schwartz & Freeman included assisting in the administration of the firm's Keogh plan. Tompulis responds that McNellis' testimony will not relate to the Keogh plan but will relate, instead, to Tompulis' performance as a secretary to McNellis.

The court grants defendants' motion to exclude evidence relating to Tompulis' dismissed ERISA claim. n3 Specifically, Tompulis, her attorney and all witnesses in this case shall be barred from testifying as to (a) the vesting date of Schwartz & Freeman's Keogh plan for the year 1990; (b) whether Schwartz & Freeman had made all 1990 Keogh contributions due plaintiff under said plan; and (c) whether Tompulis was fired to preclude her from receiving a contribution for 1990. However, nothing in this order shall be

construed as preventing Tompulis from presenting evidence necessary to establish her entitlement to unpaid 1991 Keogh contributions as an element [*12] of damages.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 This case was originally assigned to Judge Kocoras's calendar. By order of the Executive Committee, it was reassigned to this court's calendar effective May 13, 1994. On January 13, 1994, the court entered an order granting summary judgment in defendants' favor with respect to Tompulis's ERISA claim. The court found that "Tompulis' right to a 1990 contribution vested two weeks prior to her termination. The vesting prior to termination precludes a claim that Schwartz & Freeman terminated Tompulis to avoid paying benefits." Tompulis v. Schwartz & Freeman, No. 92 C 7375, Memorandum Opinion and Order at 11 (N.D. Ill. January 13, 1994).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

To the extent that defendants seek to bar McNellis' testimony on issues other than those specified in the previous paragraph, that aspect of the motion is denied.

*Defendants' motion to bar evidence relating to plaintiff's*
*age discrimination charge before the IDHR*

Defendants move to bar evidence pertaining to the charge of age discrimination Tompulis filed [*13] with the IDHR, including her charge, Schwartz & Freeman's verified response, documents Tompulis gleaned from IDHR's files, and the IDHR's determination and Investigation Report. Defendants argue that the evidence relating to the proceedings before the IDHR is inadmissible at trial because it is inherently unreliable and not trustworthy. Additionally, defendants argue that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice.

[HN4]Trial courts have broad discretion when ruling on the admissibility of administrative findings regarding claims of discrimination. Tulloss v. Near North Montessori School, Inc., 776 F.2d 150, 153 (7th Cir. 1985). "Administrative findings regarding claims of discrimination are generally admissible under Fed.R.Evid. 803(8)(C) (the public records and investigatory file exception to the hearsay rule)." Id. However, such evidence may be excluded where the circumstances indicate lack of trustworthiness or where the prejudicial effect of the evidence substantially outweighs its probative value. Id.

This court agrees with the trial court in Tulloss that presenting the administrative [*14] *findings* with respect to plaintiff's charge of discrimination is "tantamount to saying 'this has already been decided and here is the decision,'" Tulloss, 776 F.2d at 155; thus, the court finds that the prejudicial effect of presenting such findings substantially outweighs their probative value. Accordingly, the IDHR Notice of Substantial Evidence will be excluded from evidence at trial. Additionally, the "Conclusion" section of the IDHR Investigation Report (Section E of the Report at pages 7-8) shall be redacted from the Report and any reference to the contents of this section shall be excluded from evidence at trial.

The court denies defendants' motion with respect to the remainder of the IDHR Investigation Report. The court finds the report to be admissible under Rule 803(8)(C). Furthermore, defendants have not made an adequate showing to establish that the Report is inherently unreliable or lacks trustworthiness. Although the court is not unmindful of the fact that the IDHR investigations are relatively informal, are not conducted under oath, and do not involve taped or transcribed interviews, the court cannot say that these facts - in the absence [*15] of any other evidence suggesting unreliability or lack of trustworthiness - compel the conclusion that such investigations are inherently unreliable. If the court were to accept the factors identified by defendants' as *sufficient* to exclude IDHR investigation reports, the court would be pronouncing IDHR investigations - and many other administrative investigations - to be inherently unreliable; this the court is unwilling to do. *Some* showing beyond the fact that the investigations are conducted by nonlawyers, informally and not under oath, must be made in order to establish unreliability or the lack of trustworthiness.

Although the court finds the IDHR Investigation Report to be admissible under Rule 803(8)(C), in order to minimize the potential for confusion and prejudice, as well as to promote efficiency of trial, the court will limit the use of the Investigation Report to purposes of impeachment. See FED. R. EVID. 801(d). The Investigation Report may not be introduced by any party as part of their case-in-chief except with respect to admissions by defendants in this action.

The court will exclude, on relevance grounds, Tompulis' charge of discrimination filed with the [*16] IDHR. The court finds that the fact that Tompulis filed

a charge of discrimination with the IDHR does not "make the existence of any fact that is of consequence to the determination of [this] action more probable or less probable than it would without the evidence." FED. R. EVID. 401. Accordingly, the charge of discrimination shall be excluded from evidence. Additionally, Tompulis, her attorney, and witnesses shall not testify as to the contents of the charge of discrimination.

The court denies defendants' motion to exclude or otherwise limit the admissibility of Schwartz & Freeman's verified response to the charge. The response was signed by an agent of Schwartz & Freeman - its attorney Joan M. Eagle - and verified by defendant Cummens who was acting in his capacity as Administrator of Schwartz & Freeman. The verified response is sworn and notarized; hence, it does not lack indicia of trustworthiness. Moreover, at least with respect to Schwartz & Freeman and Cummens, the verified response is a classic example of a party admission. Accordingly, the verified response shall be admissible for all purposes. There is, of course, one small complication with respect to the court's rulings **[*17]** regarding the charge of discrimination and the verified response. The court has excluded evidence concerning the contents of the charge of discrimination yet the court is allowing admission of the verified response - which references the allegations of the charge of discrimination. To resolve this complication the court directs the parties to redact the verified response as follows:1. In Paragraph I, redact the following: "and denies the remaining allegations contained in Paragraph I".

2. Redact Paragraph II in its entirety.

3. In Paragraph III.A., redact the following: "and denies the remaining allegations contained in Subparagraph IIIA"

4. In Paragraph III.B., redact the following: "and denies the remaining allegations contained in Subparagraph IIIB"

Finally, the court denies defendants' motion to exclude documents Tompulis gleaned from IDHR's files and documents submitted to IDHR by Tompulis. With one exception, defendants do not identify particular documents and state specific grounds for excluding the particular documents; and, the court declines defendants' invitation to peruse the documents and determine what is admissible and what is not. The court will rule on **[*18]** any specific contested documents during the final pretrial conference.

The only document specifically identified by defendants for exclusion is an affidavit submitted by Tompulis to the Illinois Human Rights Commission. Defendants contend that this document is itself hearsay and is not a part of the IDHR investigative file. At oral argument, Tompulis did not attempt to refute defendants' claim that the affidavit was not part of the IDHR investigative file; indeed, the affidavit is dated June 3, 1992, whereas the IDHR investigation was completed no later than November 1991. Accordingly, the court finds that this affidavit does not constitute part of the Investigation Report and hence is not admissible as part of that Report. Although, the affidavit may be hearsay not subject to any exception, the court is unable to make that determination at this time without knowledge of the purpose for which Tompulis may seek to offer it. Therefore, defendants' motion to exclude the June 2, 1992, affidavit is denied.

One last issue deserves comment by the court. Defendants have expressed concern over the potential for prejudice as a result of the jury's exposure to evidence relating to the IDHR proceedings. **[*19]** In particular, defendants expressed concern that the jury will speculate as to the significance and outcome of the IDHR proceedings. Although not persuaded that this is a significant concern, the court directs the parties to submit a proposed jury instruction, at least two weeks before the scheduled trial date, relating to the proper consideration to be given to materials relating to the IDHR proceeding and instructing the jury not to engage in conjecture or speculation as to the outcome, meaning, significance, or other factors associated with those proceedings.

*Defendants' motion to bar evidence regarding pain and suffering*

Defendant moves to bar evidence pertaining to the availability of damages for Tompulis' pain and suffering. [HN5]Damages for pain and suffering are not properly awarded under ADEA. Pfeiffer v. Essex Wire Corp., 682 F.2d 684 (7th Cir.), *cert. denied,* 459 U.S. 1039, 74 L. Ed. 2d 606, 103 S. Ct. 453 (1982); cf. Moskowitz v. Trustees of Purdue University, 5 F.3d 279, 283 (7th Cir. 1993) (observing that awards for lost wages and benefits **[*20]** - but not consequential damages for, among other things, psychological distress - are proper under ADEA). Accordingly, defendants' motion to bar evidence pertaining to Tompulis' emotional distress is granted. Tompulis, her attorney, and all witnesses shall not testify as to Tompulis' emotional distress as a result of her termination.

*Defendants' motion to bar evidence relating to Schwartz & Freeman's 1991 contribution to Tompulis' Keogh account and to bar evidence relating to any extra Keogh tax incurred by Tompulis*

Defendants contend that two elements of Tompulis' Itemized Statement of Special Damages should be barred, as a matter of law, from presentation to the jury: (1) Keogh contribution for the year 1991; and, (2) extra Keogh tax incurred by Tompulis. Defendants argue that Tompulis was not entitled to a 1991 Keogh contribution because she was not employed by Schwartz & Freeman on the 1991 vesting date. In support of this contention, defendants cite the January 13, 1994, Memorandum Opinion in which the court stated that "Tompulis was not entitled to a 1991 contribution, as she was not employed at the firm on December 31, 1991." Tompulis v. Schwartz & Freeman, No. **[*21]** 92 C 7375, Memorandum Opinion and Order at 12 n.8 (N.D. Ill. January 13, 1994). This court has carefully reviewed the January 13, 1994, Memorandum Opinion and finds that this statement was made solely in the context of entering judgment on Tompulis' claim that her termination violated section 510 of ERISA, 29 U.S.C § 1140; it has no bearing on whether Tompulis should be entitled to recover 1991 Keogh contributions that allegedly would have been made had she not been unlawfully discharged. Arguably, Tompulis would have been employed at Schwartz & Freeman on the 1991 vesting date but for her allegedly discriminatory termination. Tompulis is entitled to compensation for lost wages and benefits resulting from an unlawful termination. Accordingly, defendants' motion to bar evidence relating to the 1991 Keogh contribution is denied.

Tompulis included in her Itemized Statement of Special Damages an amount for extra Keogh tax "since after Plaintiff's employment was terminated unlawfully by the Defendants, Plaintiff had to cash in her Keogh plan [and] pay an additional tax on using these benefits prior to retirement age." Plaintiff's Response to Defendants' **[*22]** Motion *In Limine* Regarding Compensatory Damages at 4-5. As noted above, [HN6]awards for ordinary consequential damages beyond lost wages and benefits are not proper under ADEA. Moskowitz, 5 F.3d at 282-83. The court finds that the additional tax incurred by Tompulis when she cashed out her Keogh plan constitutes a consequential injury for which ADEA does not afford relief. If Tompulis had taken out a loan to meet her cash flow needs while unemployed, and thereby incurred interest charges, we think it clear that ADEA would not provide a remedy for those interest charges. The tax Tompulis incurred is functionally equivalent. Accordingly, defendants' motion to exclude evidence relating to the additional tax Tompulis incurred when she cashed out her Keogh plan is granted.

*Additional issues relating to Tompulis' itemized damages*

Although not formally the subject of any of the motions *in limine* presented to the court, the parties have briefed the following issues: Whether any recovery by Tompulis should be offset by the amount of severance pay she received from Schwartz & Freeman; whether any recovery by Tompulis should be offset by the amount **[*23]** of unemployment compensation she received; and, whether Tompulis' recovery of lost wages, if any, should be limited to her base salary or should include amounts attributable to overtime, bonus pay, and projected salary increases. In an effort to advise the parties as to the potential damages at stake in this case, the court has considered these issues and finds as follows.

The court will defer ruling on whether recovery obtained by Tompulis, if any, should be offset by the amount of unemployment compensation she received (approximately $ 4,120.00).

With respect to severance pay, in the absence of any Seventh Circuit authority on this issue, the court will follow the Tenth Circuit and find that any recovery obtained by Tompulis will be offset by the amount she received in severance pay ($ 1,528.83). See EEOC v. Sandia Corp., 639 F.2d 600 (10th Cir. 1980).

Finally, the court finds that recovery of lost wages and benefits encompasses recovery for lost overtime pay, bonuses, and projected salary increases - where these elements of damages can be sufficiently established. A ruling on whether Tompulis is entitled to a recovery including these elements must **[*24]** be deferred until the relevant evidence is presented at trial.

**CONCLUSION**

Plaintiff's motion to bar hearsay testimony by defendants Dana and Cummens [69-1] is granted; Plaintiff's motion to bar from evidence certain documents not contained in her personnel file [69-1] is denied; Plaintiff's motion to bar from evidence certain facts inconsistent her personnel file [69-1] is denied; Plaintiff's motion to exclude Fran Brignardello as a witness [69-1] is denied; Defendants' motion to bar evidence predating August 1, 1989 [67-1] is denied; Defendants' motion to bar evidence relating to plaintiff's dismissed ERISA claim [66-1] is granted in part and denied in part; Defendants' motion to bar evidence relating to plaintiff's age discrimination charge before the Illinois Department of Human Rights [65-1] is granted in part and denied in part;

Defendants' motion to bar evidence regarding Ms. Tompulis' pain and suffering as a compensable element of damages [85-1] is granted; Defendants' motion to bar evidence relating to Schwartz & Freeman's 1991 contribution to Tompulis' Keogh account and to bar evidence relating to any extra Keogh tax incurred by Tompulis [85-1] is granted in part **[*25]** and denied in part.

**ENTER**

Ruben Castillo

United States District Judge

August 5, 1994