UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation,<br>Valspar Sourcing, Inc., and<br>Valspar Industries GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>Spraylat Corporation and Spraylat GmbH,<br><br>Defendants. | Civil Action No. 01CVI605 JNE/JGL |

**NOTICE OF PRE-TRIAL MOTIONS**

Defendants Spraylat Corporation and Spraylat GmbH hereby move the Court for Orders *in limine* as follows:

| **PRE-TRIAL MOTION** | **RELIEF REQUESTED** | **SUPPORTING PAPERS** |
|---|---|---|
| Defendants' Motion To Exclude the Putative Expert Opinion of Kenneth Brown | The testimony and reports of Plaintiffs' putative chemistry expert Kenneth Brown should be excluded. | • Defendants' Motion to Exclude Putative Expert Opinion of Kenneth Brown<br>• Declaration of Mitchell P. Hurley |
| Defendants' Motion To Apply German Law and to Strike Plaintiffs' Claims for Punitive and/or Exemplary Damages | German law should be applied to the two discrete issues where conflicts exist between German and Minnesota law: (1) the availability of punitive or exemplary damages, and (2) the enforceabilityof the confidentiality provision contained in an agreement executed in Germany on or around January 10, 1981 by Guenther Reipa. Plaintiffs should not be entitled to recover punitive or exemplary damages under Minnesota law on any of | • Defendants' Motion to Apply German Law and to Strike Plaintiffs' Claims for Punitive and/or Exemplary Damages<br>• Second Declaration of Mitchell P. Hurley<br>• Declaration of Dr. Christof Siefarth |

| | | |
|---|---|---|
| | their claims. | |
| Defendants' Motion To Exclude the Expert Testimony of Peter Smith | The testimony and reports of Plaintiffs' damages expert Peter Smith should be excluded. | • Defendants' Motion to Exclude the Expert Testimony of Peter Smith<br>• Declaration of David M. Zensky<br>• Declaration of John Ragazzini |
| Defendants' First Omnibus Motion in Limine | Plaintiffs should be precluded from offering all evidence or testimony concerning (1) "Business Information" and/or the "DeBlandre Plan, (2) the preparation of the DeBlandre Plan and an earlier drafts thereof, (3) any other matters akin to the business information, and (4) any claim that the Additives are Plaintiffs' trade secrets by themselves. | • Defendants' First Omnibus Motion in Limine<br>• Declaration of Blossom Kan |
| Defendants' Second Omnibus Motion in Limine | Plaintiffs should be precluded from offering evidence or testimony concerning: (1) the complaint filed by the Federal Trade Commission against Valspar in 2001, which Valspar mistakenly contends supports its claim for trade secret protection over its formulas in this case; (2) the unrelated Mirror-Tech Litigation filed fifteen years ago by different parties concerning different formulas; (3) Valspar's allegations as to the "time and treasure" it expended in developing its formulas; (4) Valspar's allegations that its former employees "stole" a Valspar GmbH formula book or lab book, (5) Plaintiffs' allegations that Willi Luettgens accessed Valspar GmbH's "formulations database", and (6) | • Defendants' Second Omnibus Motion in Limine<br>• Declaration of Blossom Kan |

| | | |
|---|---|---|
| | the parties' "Attorneys' Eyes Only" designations as being determinative of whether a document or information contains trade secrets. | |
| Defendants' Third Omnibus Motion in Limine | Plaintiff should be precluded from introducing evidence concerning (1) the compensation paid to Alain DeBlandre by Lilly/Valspar, upon his termination, pursuant to the terms of his Change in Control Agreement with Lilly, (2) the June 8, 2001 e-mail from Alain DeBlandre to Willi Luettgens, (3) the reference "migration of European technology" contained on a compensation plan for Alain DeBlandre, and (4) a criminal investigation of Spraylat GmbH's employees by the local German district attorney, commenced in 2001 at the request of Plaintiffs. | • Defendants' Third Omnibus Motion in Limine<br>• Declaration of Blossom Kan |

PLEASE TAKE NOTICE that answering papers are to be exchanged between the parties on or before March 29, 2005 and filed on or before March 30, 2005.

The parties shall be available during the week of March 28, 2005 and the week of April 4, 2005 for a hearing on the above motions, such hearing to be convened as the Court's schedule permits.

Dated: March 4, 2005

AKIN GUMP STRAUSS HAUER & FELD LLP

By: ______________________

David M. Zensky
Mitchell P. Hurley
Blossom Kan
590 Madison Avenue, 42nd Floor
New York, New York 10022-4616
(212) 872-1000

Kenneth A. Liebman
Michelle A. Paninopoulos
FAEGRE & BENSON L.L.P
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

*Attorneys for Defendants Spraylat Corporation and Spraylat GmbH*