UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation,<br>Valspar Sourcing, Inc., and<br>Valspar Industries GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>Spraylat Corporation and Spraylat GmbH,<br><br>Defendants. | Civil Action No. 01CV1605 JNE/SRN |

SECOND DECLARATION OF DAVID M. ZENSKY

DAVID M. ZENSKY, under the pains and penalties of perjury under the laws of the United States of America, declares that the following is true and correct:

1. I am a member of the law firm of Akin Gump Strauss Hauer & Feld LLP, counsel for Defendants Spraylat Corporation and Spraylat GmbH ("Spraylat" or "Defendants") in the above-captioned action. I submit this Declaration, with the Court's permission, in further support of Defendants' motions in limine and Daubert motions. This Declaration is made on my own personal knowledge.

2. Attached hereto as Exhibit A are pages 118-129 of Moore's Federal Practice, Manual For Complex Litigation. As explained on page 129, at the time of the final pre-trial conference, counsel are encouraged to submit briefs regarding open legal issues, as additional issues may be ready for summary judgment.

3. Attached hereto as Exhibit B is Valspar's Memorandum in support of its Motion for Leave to Amend the Complaint to Claim Punitive Damages, dated March 31, 2003 ("Plaintiffs' Memorandum"). In Court on Monday, Plaintiffs' counsel contended that this brief

revealed their intent to pursue a claim for tortious interference with Willi Luettgens' contract, despite it not being asserted in the complaint.

4. Plaintiffs' Memorandum only references the alleged acts of Luettgens in supplying Alain DeBlandre with alleged information for the purposes of claiming that what DeBlandre later sent to Spraylat was based on alleged Valspar trade secrets. Plaintiffs' Memorandum *never* says that Plaintiffs are pursuing a claim against Defendants *for tortiously inducing Luettgens' conduct* as opposed to DeBlandre's, the claim actually alleged in the Amended Complaint. To the contrary, in apprising the Court of the claims they are pursuing, Plaintiffs simply referred to the Amended Complaint itself. See id. at 21.

5. Attached hereto as Exhibit C is a copy of Pariser, M.D. v. Christian Health Care Systems, Inc., 816 F. 2d 1248 (8th Cir. 1987). The relevant discussion is located at page 1253.

6. Plaintiffs have claimed non-compete agreements are irrelevant and should not be discussed at trial. Attached hereto as Exhibit D are excerpts from the depositions of John Ragazzini (Sept. 19, 2002) (p. 16), Michael Borner (pp. 206-210), Alain DeBlandre (pp. 289-90) and William Borner (pp. 35-48, 155-157) in which Plaintiffs' counsel questioned Spraylat executives at length about Spraylat's use of non-compete agreements for its employees.

7. In opposing Defendants' motion respecting Peter Smith, Plaintiffs asserted that John Ragazzini analyzed the value of Hilemn the same way Peter Smith valued the piece of paper DeBlandre sent to Spraylat on March 20, 2001, e.g., the DeBlandre Plan, and that Hilemn was acquired at a "fire sale" price.

8. Attached hereto as Exhibit E are pages 34-48 of the deposition of John Ragazzini, Chief Financial officer of Spraylat Corporation. The excerpts reveal that: (a) the "multiple" Ragazzini used in connection with Hilemn was applied to *current* EBITDA, not projected

EBITDA 5 years into the future, and that all future earnings were discounted back to the date of the purchase at 16% (id. at 40-41); and (b) Hilemn was not acquired at a "fire sale" price but at the full value Spraylat placed on it internally. Id. at 46-47.

Dated: New York, New York
April 13, 2005

/s David M. Zensky
David M. Zensky