# Moore's Federal Practice

## MANUAL FOR COMPLEX LITIGATION (FOURTH)

FEDERAL JUDICIAL CENTER 2004

LexisNexis

### 11.54 Other Referrals

Other possible resources in complex litigation include referral to a private or public technical agency, use of an advisory jury of experts in a nonjury case, and consultation with a confidential advisor to the court.[289] Caution is recommended in experimenting with such procedures—absent statutory authorization or a party's stipulation—in cases in which, if the court of appeals finds reversible error, a lengthy and costly retrial might be required. Referrals to court-appointed experts, special masters, and magistrate judges authorized by statute or rule are adequate in most cases to provide the needed assistance. The judge should consider innovative uses of recognized procedures to make the process more fair and efficient when complicated issues are involved, such as appointing a team of experts to serve under Rule 706, but not to the extent of displacing the parties' right to a resolution of disputes through the adversary process.[290]

## 11.6 Final Pretrial Conference/Preparation for Trial

.61 Date and Place of Trial 119
.62 Reevaluation of Jury Demands 120
.63 Structure of Trial 121
.631 Consolidation 121
.632 Separate Trials 122
.633 Special Verdicts and Interrogatories 123
.64 Procedures to Expedite Presentation of Evidence 124
.641 Statements of Facts and Evidence 124
.642 Pretrial Rulings on Objections 124
.643 Disclosure of and Objections to Digital Evidence and Illustrative Aids 126
.644 Limits on Evidence 127
.645 Use of Courtroom Technology to Facilitate Evidence Presentation 127
.65 Proposed Jury Instructions 128
.66 Briefs and Final Pretrial Motions 129
.67 Final Pretrial Order 129

The purposes of the final pretrial conference, explicated in Federal Rule of Civil Procedure 16(a), are to "improv[e] the quality of the trial through more thorough preparation" and to "facilitat[e] the settlement of the case." These ends take on special importance in complex litigation and are embodied in Rule 16(d), which requires that

289. *See* Cecil & Willging, *supra* note 261, at 40–41.

290. For a discussion of the use of outside neutral persons in facilitating settlement, see *infra* section 13.13.

- the final pretrial conference be held as close to the time of trial as is reasonable under the circumstances;
- the parties formulate a plan for trial, including a program for facilitating the admission of evidence; and
- the attorneys who will conduct the trial attend the conference.

The order setting the conference should specify the items to be taken up. It should also maximize the utility of the conference by deciding summary judgment motions and (to the extent feasible) motions *in limine* well in advance (see section 11.34, summary judgment). The judge should tailor preparation for the final pretrial conference to accomplish the purposes of Rule 16. Essential agenda items include exchange and discussion of the following:[291]

- a final list identifying the witnesses to be called and the subject of their testimony, including a designation of deposition excerpts to be read;
- copies of all proposed exhibits and visual aids, including illustrative exhibits and computer-generated evidence;
- a list of all equipment and software to be used at trial, and suggestions as to possible shared use of equipment and operators;
- proposed questions for voir dire;
- concise memoranda on important unresolved legal issues;
- nonargumentative statements of facts believed to be undisputed;
- proposed jury instructions, including any special instructions needed regarding computerized evidence or equipment (see section 11.65);
- proposed verdict forms, including special verdicts or interrogatories;[292] and
- in nonjury cases, proposed findings of fact and conclusions of law.[293]

## 11.61 Date and Place of Trial

Although civil trial dates are problematic in many courts because of criminal dockets, a trial date for complex litigation should be firm, given the number of people involved and the expense incurred in preparation. The trial date needs to take into account the commitments of the court and counsel and should permit an uninterrupted trial. The judge should advise counsel in advance that once the date is set, there will be no continuances. Some judges set a

291. For a comprehensive list of potential agenda items, see *Litigation Manual*, *supra* note 12, at 79–85.

292. *See* Fed. R. Civ. P. 49. *See also infra* sections 11.633, 12.451.

293. *See* Litigation Manual, *supra* note 12, app. A, at 188, 206–07 (Sample Form 9).

deadline after which they will not permit partial settlements that might necessitate a continuance of the trial (see section 13.21).

Where litigation includes cases filed in other districts and transferred to the court for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407, those cases must be remanded at or before the conclusion of the pretrial proceedings to the districts from which they were transferred.[294] Consider whether to pursue alternatives that would allow a transferee judge to obtain authority (e.g., by action of the parties, the transferor court, or the committee on intercircuit assignments) to retain a role that is consistent with *Lexecon*. See section 20.132. Venue motions that may have been deferred should be decided. In referring cases back to the MDL Panel, it is helpful to indicate the nature and expected duration of remaining discovery, the estimated time before the case will be ready for trial, and the major rulings that, if not revised, will affect further proceedings. The court can also make appropriate recommendations for further proceedings. In most cases transferred under 28 U.S.C. § 1407, substantially all discovery will be completed before remand. In some cases, however, such as mass tort litigation, discovery regarding individual damages may have been deferred and must be conducted in the transferor district after remand. Section 20.133 has a fuller discussion of remand.

## 11.62 Reevaluation of Jury Demands

Although a general demand for a jury trial may have been made early in the litigation,[295] the final pretrial conference is an appropriate time to consider whether the parties are entitled to a jury trial on particular issues and, if not, whether those issues should be decided in a separate trial (which may be concurrent with the jury trial), decided by motion,[296] or submitted to an advisory jury.[297] If both jury and nonjury issues are to be tried, the judge should determine whether *Beacon Theatres, Inc. v. Westover*[298] requires that the jury issues be decided first. Even if so, it is possible to hear evidence during the jury trial on related nonjury issues, provided that the parties are later afforded opportunity to supplement the record with evidence relevant only to the nonjury issues and that a decision on the nonjury issues is deferred until after the verdict has been returned. In mass tort cases, some judges ask the parties to consider whether to try liability and lump sum damage issues to the jury, leaving the

294. *See* Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).
295. *See* Fed. R. Civ. P. 38.
296. *See* Fed. R. Civ. P. 39(a).
297. *See* Fed. R. Civ. P. 39(c).
298. 359 U.S. 500 (1959).

resolution of individual damage claims to special agreed procedures (see section 22.93, mass tort litigation, trial).

## 11.63 Structure of Trial

.631 Consolidation 121
.632 Separate Trials 122
.633 Special Verdicts and Interrogatories 123

The judge should seek suggestions from counsel for approaches to structuring the trial that will improve the trial process. In addition to the devices discussed below, consider trying one or more test cases, with appropriate provision concerning the estoppel effect of a judgment. The interplay of these various devices can have a significant effect on the fair and efficient resolution of complex litigation.[299] In considering any of these devices, keep in mind the devices' potentially disparate impact on the parties (given the parties' respective trial burdens and possibly unequal resources), their effect on the right to trial by jury, the possibilities of settlement, and the interests of the court and the public.

### 11.631 Consolidation[300]

Federal Rule of Civil Procedure 42(a) authorizes the judge to consolidate, for trial or pretrial, actions pending in the same court involving common questions of law or fact if it will avoid unnecessary cost or delay. Consolidation may be for trial of the entire case or only for separable common issues. Moreover, it may be appropriate even if some issues or cases are to be tried before a jury and others before the court; the same evidence must be presented only once even though the judge may consider it in some of the cases and the jury may consider it in others. Class actions may be consolidated with cases brought by opt-outs or other individual plaintiffs. When this occurs, the judge must ensure that counsel for parties in the non–class actions have a fair opportunity to participate in the presentation of evidence and arguments at trial, particularly when their clients are primarily affected.

Whether consolidation is permissible or desirable depends largely on the amount of common evidence among the cases. Unless common evidence predominates, consolidated trials may confuse the jury rather than promote efficiency. To avoid this problem, the judge may consider severing for a joint trial those issues on which common evidence predominates, reserving noncommon

299. For an illustration, see *In re Plywood Antitrust Litig.*, 655 F.2d 627 (5th Cir. 1981).
300. *See also supra* section 10.123 and *infra* section 22.54.

issues for subsequent individual trials. For example, in mass tort litigation, liability issues could be consolidated for joint trial and damage issues reserved for later individual trials. If most of the proof will be common but some evidence admissible in one case should not be heard in others, consider a multiple-jury format. However, cases with major conflicts between the basic trial positions of parties should not be consolidated, at least not without ensuring that no prejudice results. Consolidation is also inappropriate where its principal effect will be to magnify unnecessarily the dimensions of the litigation.[301]

## 11.632 Separate Trials

Whether the litigation involves a single case or many cases, severance of certain issues for separate trial under Federal Rule of Civil Procedure 42(b) can reduce the length of trial, particularly if the severed issue is dispositive of the case, and can also improve comprehension of the issues and evidence. Severance may permit trial of an issue early in the litigation, which can affect settlement negotiations as well as the scope of discovery. The court should balance the advantages of separate trials, however, against the potential for increased cost, delay (including delay in reaching settlement), and inconvenience, particularly if the same witnesses may be needed to testify at both trials. There is also the potential for unfairness if the result is to prevent a litigant from presenting a coherent picture to the trier of fact.[302]

The court should take care when deciding which issues may and should be severed for separate trial and the order in which to try them. Under *Beacon Theatres*, the right to trial by jury on legal claims may not (except under "the most imperative circumstances") be lost by a prior determination of equitable claims; this may require trial of legal claims before deciding related claims in equity, or trying them concurrently.[303] In addition, issues for trial should not be severed if they are so intertwined that they cannot fairly be adjudicated in isolation[304] or when severance would create a risk of inconsistent adjudication.

Generally, when issues are severed for separate trials, they should be tried before the same jury unless they are entirely unrelated. Severance may take the form of having evidence on discrete issues presented sequentially, with the jury returning a verdict on an issue before the trial moves on to the next issue (see section 12.34).

301. *See In re* Repetitive Stress Injury Litig., 11 F.3d 368 (2d Cir. 1993).

302. *See In re* Bendectin Litig., 857 F.2d 290 (6th Cir. 1988) (severed trial creates risk of "sterile or laboratory atmosphere").

303. *See* Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510–11 (1959).

304. *See* Gasoline Prods. Co. v. Champlin Ref. Co., 283 U.S. 494, 500 (1931) (antitrust).

## 11.633 Special Verdicts and Interrogatories

Special verdict forms or interrogatories accompanying a general verdict form may help the jury focus on the issues, reduce the length and complexity of the instructions, and minimize the need for, or scope of, retrial in the event of reversible error.[305] They can provide posttrial guidance in conducting additional discovery, ruling on nonjury issues (possibly with some issues presented to the jury while others are reserved for decision by the court) or motions for summary judgment,[306] trying remaining issues, or negotiating settlement. Having counsel submit proposed verdict forms along with jury instructions at the pretrial conference will help focus counsel's attention on the specific issues in dispute and will help inform the court.

Special verdict forms and interrogatories can help the jury understand and decide the issues while minimizing the risk of inconsistent verdicts. It is best for the court to arrange the questions on the form in a logical and comprehensible manner; for example, asking questions common to several causes of action or defenses only once and grouping related questions together. Where the legal standards applicable to similar claims or defenses differ (for example, where different laws may apply to different parties), careful drafting of questions on a special verdict form can ease problems that consolidation could otherwise cause. Issues not in dispute should be excluded.

Special verdict forms may also be used in connection with a procedure by which issues are submitted to the jury sequentially. The jury may be asked to consider a threshold or dispositive issue and return its verdict before submission of other issues, which may be rendered moot by the verdict.

Some judges and attorneys are reluctant to use these devices out of fear of inconsistent verdicts and jury confusion, but these problems can be avoided by good drafting. Parties' views on the desirability of special verdict forms or interrogatories will differ, however, if these devices are seen as advantageous to one side; the court will have to evaluate the arguments for and against them in the particular case.

The court may also suggest that the parties stipulate to accept a majority verdict if the jury is not unanimous[307] or to waive a verdict and accept a decision by the judge based on the trial evidence. Although such stipulations may be obtained after the case has gone to trial, the parties may be more amenable before trial begins.

305. Fed. R. Civ. P. 49. *See infra* section 12.451.

306. *See In re* Plywood Antitrust Litig., 655 F.2d 627 (5th Cir. 1981) (special verdicts following a joint trial of all cases (including "opt-out" cases) on all issues except individual amounts of damages provided foundation for summary judgment motions regarding damages).

307. *See* Fed. R. Civ. P. 48.

## 11.64 Procedures to Expedite Presentation of Evidence

.641 Statements of Facts and Evidence 124
.642 Pretrial Rulings on Objections 124
.643 Disclosure of and Objections to Digital Evidence and Illustrative Aids 126
.644 Limits on Evidence 127
.645 Use of Courtroom Technology to Facilitate Evidence Presentation 127

The principal purpose of the final pretrial conference is the "formulat[ion of] a plan for trial, including a program for facilitating the admission of evidence."[308] The plan should eliminate, to the extent possible, irrelevant, immaterial, cumulative, and redundant evidence, and should further the clear and efficient presentation of evidence. Essential to accomplishing this purpose is a final definition of the issues to be tried. The process of defining and narrowing issues begun at the initial conference and discussed in section 11.3 should reach completion at the final pretrial conference, which can then turn to the proof the parties expect to offer at trial. Fair, effective, and innovative ways of presenting that proof may include presenting voluminous data through summaries or sampling (see sections 11.492–11.493); presenting summaries of deposition testimony; and presenting expert testimony by reports on videotape or by videoconferencing.[309] Other techniques to expedite the presentation of evidence are discussed below and in section 12.3.

### 11.641 Statements of Facts and Evidence

One method used by judges to ensure adequate preparation, streamline the evidence, and prevent unfair surprise is to have each party prepare and submit a statement listing the facts it intends to establish at trial and the supporting evidence. The statement should be informative and complete, but free of argument and conclusions. If adopted, evidence not included in the statement should not be permitted at trial. Exchanging such statements may help narrow factual disputes and expedite the trial (also see generally section 11.47). Such statements should not be required routinely, however, because the substantial amount of work required for their preparation may outweigh the benefits.

### 11.642 Pretrial Rulings on Objections

Judges should strive to resolve objections to evidence and cure technical defects (such as lack of foundation) before trial. Where the admissibility of evidence turns on other facts, the facts should be established where possible

308. Fed. R. Civ. P. 16(d).
309. *Effective Use of Courtroom Technology*, *supra* note 85, at 168–74, discusses videoconferencing witness testimony.

before trial—by stipulation if there is no basis for serious dispute (see section 11.445). Parties should be required, to the extent feasible, to raise their objections to admissibility in advance of trial (usually by motions *in limine*), with all other objections (except those based on relevance or prejudice) deemed waived. Under Federal Rule of Civil Procedure 26(a)(3), objections (other than under Federal Rule of Evidence 402 or 403) to the admissibility of proposed exhibits disclosed as required by Rule 26(a)(3)(C) or to the use of depositions designated as required by Rule 26(a)(3)(B) are waived unless made within fourteen days of disclosure or excused by the court. Pretrial rulings on admissibility save time at trial and may enable parties to overcome technical objections by eliminating inadmissible material, obtaining alternative sources of proof, or presenting necessary foundation evidence. In addition, such rulings may narrow the issues and enable counsel to plan more effectively for trial. Receiving exhibits into the record during the final pretrial conference can also save time by avoiding the need for formal offers at trial.

Opposing counsel may indicate their objections to documentary evidence in a response to the pretrial listing of such evidence by opposing counsel. Objections to deposition testimony can be noted in the margin of the deposition where the objectionable matter appears, and the court's ruling can be indicated in the same place. Objections to other types of evidence can be made by means of a separate motion or other written requests describing the nature of the proposed evidence and the grounds of the objection.

The court should weigh the benefits of advance rulings on objections against the potential for wasteful pretrial efforts by the court and counsel. For example, ruling on objections in a deposition may require the judge to read it before trial, despite the fact that the deposition or the objections to it may be partially or entirely mooted or withdrawn because of developments during trial. Some judges prefer to make pretrial rulings only on those objections that counsel consider sufficiently important, either because of their significance to the outcome of the case or because of their effect on the scope or form of other evidence.

Pretrial rulings are also advisable with respect to proffered expert testimony that may be pivotal. The judge may rule on the basis of written submissions, but an evidentiary hearing under Federal Rule of Evidence 104(a) may be necessary to determine whether the evidence is admissible under Rules 702 and 703.[310]

310. The subject is discussed at length in Schwarzer & Cecil, *supra* note 199, at 53–54. *See also infra* sections 23.2, 23.35.

### 11.643 Disclosure of and Objections to Digital Evidence and Illustrative Aids

The court should consider requiring disclosure of all digital materials that will be shown to the jury. The timing of the disclosure may differ for evidentiary exhibits, illustrative aids, and expert materials. The timing may also vary according to the type of digital materials (e.g., digital photos versus animations) and whether they will be used in opening statements, direct examination, cross-examination, or closing arguments.[311] Such disclosure will help expedite the pretrial and trial processes, assist the court in making pretrial and otherwise timely rulings on admissibility, and minimize surprising the court and parties.

Disclosure should ordinarily be in the same format to be used at trial. For example, paper copies may not adequately represent documents and photos to be presented with a computer because the paper copies cannot reveal any sound, motion, or alteration that may be involved. Computer animations and simulations should be disclosed in the format to be used at trial, which is typically digital or analog videotape; in addition, however, the opposing party needs the computer files that constitute the actual animation or simulation in order to expose underlying assumptions and construct an effective cross-examination.[312] The disclosure of digital materials raises a number of issues that must be resolved during pretrial, or at least before the materials are shown to the jury.[313] For example, the phrase "digital alteration" means different things to different people, so some ground rules are needed about the alteration of photographs, documents, videotapes, and other materials at a fairly early point in the pretrial proceedings.[314] The planned use of an animation or simulation also raises issues for pretrial consideration, including the treatment of any narration (possibly including hearsay statements), the need for limiting instructions (such as to clarify the specific purpose for which the evidence is being offered), the authenticity and reliability of the underlying data, and the assumptions on which the exhibit is based.[315] It may be advisable for a party to obtain at least a preliminary ruling or guidance concerning the admissibility of an animation or simulation (or any other expensive and elaborate exhibit) be-

311. *See* Effective Use of Courtroom Technology, *supra* note 85, at 105–06, and the additional pages referenced therein.

312. *Id.* at 113–14.

313. For a discussion of possible objections to digital evidentiary exhibits and illustrative aids, see *id.* at 180–209.

314. *See id.* at 106–13.

315. *See* Joseph, *supra* note 172, at 890–93; Effective Use of Courtroom Technology, *supra* note 85, at 205–09.

fore substantial expense is incurred in its preparation (e.g., at the storyboard stage of a computer animation).

### 11.644 Limits on Evidence

Some attorneys understand the advantages of selectively presenting evidence, but others leave no stone unturned, resulting in trials of excessive length unless limited by the judge. Where the parties' pretrial estimates suggest that trial will be excessively long, the judge should discuss the possibility of voluntary, self-imposed limits with the lawyers, perhaps suggesting exhibits or testimony that could be eliminated and inviting further suggestions.

If this approach is not productive, consider imposing limits in some form, using the authority under Federal Rule of Civil Procedure 16(c)(4) and Federal Rules of Evidence 403 and 611. Announcing an intention to impose such limits may suffice to motivate counsel to exercise the discipline necessary to expedite the case. Before imposing limits, the judge should be sufficiently familiar with the litigation to form a reasonable judgment about the time necessary for trial and the scope of the necessary evidence.

Limits may be imposed in a variety of ways:

- by limiting the number of witnesses or exhibits to be offered on a particular issue or in the aggregate;
- by controlling the length of examination and cross-examination of particular witnesses;
- by limiting the total time allowed to each side for all direct and cross-examination; and
- by narrowing issues, by order or stipulation.

Limits need not hamper counsel's ability to present their case; indeed, counsel often welcome them. At the same time, limits should not jeopardize the fairness of the trial. In designing limits, consider the respective evidentiary burdens of the parties. Generally, limits are best imposed before trial begins so that the parties can plan accordingly, but the need for limits may not become apparent until trial is underway. Limits must be firm so that one side cannot take advantage of the other, but it is sometimes necessary to extend the limits. If a party requests, the judge may advise the jury of any limits imposed in order to prevent unwarranted inferences from a party's failure to call all possible witnesses.

### 11.645 Use of Courtroom Technology to Facilitate Evidence Presentation

Trials in a technologically advanced courtroom usually move faster and take less time than a traditional trial. This faster pace puts a premium on law-

yers' preparation and a clear and well-defined case theory. All exhibits must be identified and organized before trial so that digital files can be assembled and stored on a laptop computer to be taken to court. Most of the illustrative aids to be used with the opening statement and the direct examination of witnesses need to be prepared before trial so that they are consistent with and support the case theory. Judges may more confidently impose time limits on lawyers because technology assists in making presentations move along more quickly and predictably.

Each piece of equipment should contribute to efficiency. For example, presenting an exhibit with the help of an evidence camera or laptop computer eliminates the sometimes-lengthy pauses for approaching the bench, handing copies of exhibits to opposing counsel, and passing the exhibit hand-to-hand among the jurors. Documents on a CD or a laptop can be accessed and displayed almost instantly, resulting in time savings that can be quite significant in trials involving a significant number of documents. Computer presentations can also be accessed very quickly, as well as altered on the spot, if necessary, in case of an objection. Real-time transcription frees judges from detailed note taking and enables them to focus on what is taking place with the witnesses, lawyers, and jurors. In the event of a contested objection, it also allows the judge to look at the pending question or just-uttered answer to see exactly what was said. Videoconferencing gives judges the flexibility to conduct pretrial hearings from remote locations or to schedule the testimony of witnesses at remote locations to fit the trial schedule.

## 11.65 Proposed Jury Instructions

The final pretrial conference should complete the pretrial process of identifying and narrowing issues. To that end, the parties should submit and exchange proposed substantive jury instructions (both preliminary and final) before the conference; some judges require counsel to confer and submit a single set of those instructions on which there is no disagreement.[316] This process compels counsel to analyze the elements of their claims and defenses and the supporting and opposing evidence. Many judges then use the parties' submissions as a starting point for preparing their own substantive instructions and find that they are generally accepted by counsel with little argument. Proposed instructions can be submitted electronically to enable the judge to make revisions on chambers computers. This also helps those judges who want to pre-

316. For more on jury instructions, see *infra* section 12.43.

sent preliminary and final jury instructions on monitors or a projection screen. Many judges provide their own standard instructions to counsel for comment.

## 11.66 Briefs and Final Pretrial Motions

If legal issues remain to be resolved, counsel should submit briefs before the final pretrial conference. Early submission will assist the court and counsel in preparing for the conference and make the conference more productive.

With discovery complete and critical evidentiary rulings made, some additional issues may be ready for summary judgment. Motions for summary judgment should be presented and decided no later than the final conference, absent special circumstances. Deferring such motions and their resolution to the eve of trial may cause unnecessary expense and inconvenience to counsel, witnesses, jurors, and the court, and may interfere with trial preparation.

## 11.67 Final Pretrial Order[317]

At the conclusion of the final pretrial conference, the judge should enter an order reciting all actions taken and rulings made, whether at the conference or earlier. The order should provide that it will govern the conduct of the trial and will not be modified except "to prevent manifest injustice."[318]

Below are some of the things that should be stated in the order:

- the starting date of the trial and the schedule to be followed;
- the issues to be tried;
- if separate trials are to be held, the issues to be tried at the initial trial;
- the witnesses to be called and the exhibits to be offered by each side (other than for impeachment);
- whether additional undisclosed or other specified evidence is precluded;[319]
- which objections are to be deemed waived;[320]
- procedures for consolidation or severance or transfer of cases;
- procedures for the presentation of testimony and exhibits;
- procedures regarding the use of technology at trial; and
- other housekeeping matters to expedite the trial.

317. *See infra* section 40.6.
318. Fed. R. Civ. P. 16(e).
319. Fed. R. Civ. P. 26(a)(3).
320. *Id.*