IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| The Valspar Corporation, | ) | |
| Valspar Sourcing, Inc., and | ) | |
| Valspar Industries GmbH, | ) | |
| | ) | Civil Action No. 01CV1605 JEL/JGL |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Spraylat Corporation and Spraylat GmbH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' ITEMIZED STATEMENT OF DAMAGES**

Plaintiffs (collectively "Valspar") seek all damages caused, and all profits unjustly gained, by the misappropriation of trade secrets, tortious interference with contracts, and tortious interference with business relations, with interest, as well as enhanced damages under Minn. Stat. 325C.03(b) and punitive damages.

For the foregoing reasons, Valspar respectfully requests the award of the following damages:

An amount in excess of $6.774 million dollars based on the enterprise value, as identified, articulated, and testified to by Plaintiff's expert, Peter Smith. Depending upon several factors, including (i) whether the Court strikes Mr. Smith's use of the Multiple Method in connection with ascertaining the enterprise value, as requested by Defendants in a Daubert motion, (ii) whether the jury finds that Spraylat received and relied upon the spreadsheets and financial analyses prepared by Luettgens and DeBlandre prior to Spraylat's receipt and reliance upon Plaintiff's Deposition Exhibit 53, and (iii) whether the Court rules and/or the jury finds that Spraylat's and DeBlandre's receipt, use and/or reliance upon Valspar's stolen financial data constituted tortious interference with contract or customer relations, the enterprise value can range from $6.774 million dollars to approximately $10.4 million dollars. If Spraylat is proven correct that it did not receive or rely upon any financial data prior to the receipt of Plaintiff's Deposition Exhibit 53, Valspar intends to seek damages in the amount of approximately $8.8 million dollars. If, however, it is proven that Spraylat received and relied upon earlier financial data prepared by DeBLandre and Luettgens, Valspar intends to seek damages in the amount of approximately $10.4 million. If the Court precludes Mr. Smith from relying on the Multiple Method, Valspar intends to seek damages in accordance with the DCF

and NPV valuations provided by Mr. Smith, which can range from approximately $6.744 million dollars to approximately $9.975 million dollars. The precise dollar amounts that Valspar will seek, depending upon which financial data Spraylat received and relied upon and which discrete valuations methods are used, are set forth in Smith Deposition Exhibit 5.

To the extent not duplicated by a damage award based on enterprise value, Valspar intends to seek damages based on all profits unjustly gained by Spraylat, as well as Valspar's lost profits. This amount of damages exceeds $3 million, and is based on Spraylat's sales of mirror solutions since its inception and Valspar's profit margin with respect to mirror solutions.

Valspar also intends to seek exemplary and punitive damages to the maximum amount permitted by law.

In the event that the Court rules that all of Valspar's claims regarding Spraylat's and DeBlandre's receipt, use and/or reliance upon Valspar's stolen financial data are no longer at issue in this case—as requested by Spraylat in its motions in limine—Valspar reserves the right to supplement this Statement to account for such a ruling.

Dated this 6th day of April, 2005.

**THE VALSPAR CORPORATION, VALSPAR SOURCING, INC. AND VALSPAR INDUSTRIES GMBH**

By their attorneys,

s/ Dennis Bremer
Alan G. Carlson (MN ID #14,801)
J. Derek Vandenburgh (MN ID #224,145)
Dennis Bremer (MN ID #299,182)
Brian Hayes (MN ID #294,585)
CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota 55402
Ph. (612) 436-9600
Fx. (612) 436-9605

Andrew Ubel (MN ID #235,799)
VALSPAR
1101 Third Street South
Minneapolis, Minnesota 55415
Ph. (612) 375-7322