IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation,<br>Valspar Sourcing, Inc., and<br>Valspar Industries GmbH,<br><br>Plaintiff,<br><br>v.<br><br>Spraylat Corporation and Spraylat GmbH,<br><br>Defendants. | Civil Action No. 01CV1605 JEL/JGL |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION OF VALSPAR INDUSTRIES GMBH**

Plaintiffs The Valspar Corporation, Valspar Industries GmbH and Valspar Sourcing, Inc. (collectively "Valspar") hereby object to Defendants Spraylat Corporation and Spraylat GmbH' Notice of Deposition of Valspar Industries GmbH as follows:

**GENERAL OBJECTIONS**

Valspar makes the following general objections to each topic for which the Notice of Deposition requests Valspar GmbH to testify. Each general objection is incorporated by reference, whether or not the objections are separately set forth in each response.

1. Valspar object to each topic as overly broad, vague and ambiguous. Valspar cannot reasonably anticipate every question that Defendants may ask within the various topics, and thus may not be able to provide the full corporate knowledge in response to Defendants' questions.

2. To the extent that Defendants' Notice of Deposition purports to request Valspar GmbH to produce documents at the deposition that have not previously been requested, Valspar

objects to the Notice as an improper document request under Fed. R. Civ. P. 34, and because it was not timely served in accordance with the Pretrial Scheduling Order as amended by the Court's Order dated September 11, 2002.

3. These objections apply to all topics in the Notice of Deposition. Insofar as specific objections are repeated in response to particular topics, they are made because they are believed to be particularly applicable. No waiver of other general objections is intended by presence of specific objections.

## SPECIFIC OBJECTIONS TO TOPICS

TOPIC NO. 1

All financial records relating to the mirror solutions business.

OBJECTION TO TOPIC NO. 1

In addition to the General Objections, Valspar objects to this topic as overly broad, vague and ambiguous as to what is meant by "All financial records" and because there is no limit or statement as to time period.

TOPIC NO. 2

The financial condition or performance of the mirror solutions business, including income, annual sales, profits and/or losses, costs, expenses, assets and liabilities.

OBJECTION TO TOPIC NO. 2

In addition to the General Objections, Valspar objects to this topic as overly broad, vague and ambiguous as to what is meant by "financial condition or performance" and because there is no limit or statement as to time period.

TOPIC NO. 3

The factual bases for damages claims asserted by Valspar against Spraylat.

OBJECTION TO TOPIC NO. 3:

In addition to the General Objections, Valspar objects to this topic as calling for a legal conclusion, insofar as an understanding of facts relevant to Valspar's damages claim involves an understanding of legal issues, and are more properly the subject of expert testimony.

TOPIC NO. 4

Access or lack of access to Valspar's computers and servers, including but not limited to any alleged access by Ludwig Kotschenreuther to DIBAC and/or Plaintiffs' formulations database.

OBJECTION TO TOPIC NO. 4:

Valspar incorporates herein the General Objections.

TOPIC NO. 5

The stream of revenue and/or cash flow between Valspar GmbH and Valspar Sourcing, including payments, royalties, fees, dividends or distributions made by Valspar GmbH to Valspar Sourcing.

OBJECTION TO TOPIC NO. 5

Valspar incorporates herein the General Objections.

TOPIC NO. 6

Agreements or proposed agreements between Valspar Corporation and its predecessors and Ludwig Kotschenreuther and Guenther Reipa.

OBJECTION TO TOPIC NO. 6

Valspar incorporates herein the General Objections.

TOPIC NO. 7

Personnel files of past and present Valspar GmbH employees.

OBJECTION TO TOPIC NO. 7

In addition to the General Objections, Valspar objects to this topic as vague and ambiguous, and as overly broad to the extent it requests a witness to testify regarding the documents in every personnel file.

TOPIC NO. 8

Valspar GmbH's market intelligence, projections or forecasts for the mirror solutions business in Europe.

OBJECTION TO TOPIC NO. 8

In addition to the General Objections, Valspar objects to this topic as overly broad, vague and ambiguous as to what is meant by "market intelligence" and because there is no limit or statement as to time period.

TOPIC NO. 9

The prices of Valspar GmbH mirror products sold to Valspar's mirror solutions customers.

OBJECTION TO TOPIC NO. 9

In addition to the General Objections, Valspar objects to this topic as overly broad because there is no limit or statement as to time period.

TOPIC NO. 10

Valspar's mirror solutions customers in Europe.

OBJECTION TO TOPIC NO. 10

Valspar incorporates herein the General Objections.

TOPIC NO. 11

The hiring of individuals by Valspar GmbH who were employed by competitors of Valspar in the mirror industry.

OBJECTION TO TOPIC NO. 11

Valspar incorporates herein the General Objections.

TOPIC NO. 12

The laboratory book referred to at page 8 of the Memorandum in support of Plaintiffs' Motion for a Preliminary Injunction.

OBJECTION TO TOPIC NO. 12

Valspar incorporates herein the General Objections.

TOPIC NO. 13

Plaintiffs' allegation that Ludwig Kotschenreuther maintained a notebook concerning his activities in the laboratory while employed by Plaintiffs, and that that "laboratory notebook" is "missing."

OBJECTION TO TOPIC NO. 13

Valspar incorporates herein the General Objections.

TOPIC NO. 14

Valspar's computer database known in German as the *rezeptur stammdaten* (the "Formulations Database").

OBJECTION TO TOPIC NO. 14

In addition to the General Objections, Valspar objects to this topic as vague and ambiguous, and as overly broad to the extent it requests a witness to testify regarding the contents of documents in the Formulations Database.

TOPIC NO. 15

Efforts to sell to potential mirror ornament customers in Europe by Valspar GmbH.

OBJECTION TO TOPIC NO. 15

In addition to the General Objections, Valspar objects to this topic as overly broad because there is no limit or statement as to time period.

TOPIC NO. 16

The basis for contending that Alain DeBlandre's knowledge of the European mirror solutions market, including general knowledge relating to customers, sales, and prices, are Valspar trade secrets.

OBJECTION TO TOPIC NO. 16

In addition to the General Objections, Valspar objects to this topic as vague and ambiguous, and as calling for a legal conclusion.

TOPIC NO. 17

The basis for claiming that Valspar formulas and/or additives are trade secrets.

OBJECTION TO TOPIC NO. 17

In addition to the General Objections, Valspar objects to this topic as redundant of the same topic previously covered in the 30(b)(6) deposition of Valspar Corp. and Valspar Sourcing, Inc., the testimony from which Valspar Industries GmbH hereby adopts. See Request for Production No. 1 (d) and (e), which Defendants incorporated into their Notice of 30(b)(6) Deposoition of Valspar Corp. and Valspar Sourcing.

Valspar further objects to this category as unduly burdensome because the person who is most knowledgeable about this topic, and who Valspar Industries GmbH would designate as its representative on this topic, Harry Bahls, has already been deposed twice on this topic, once as an individual and once as a 30(b)(6) designee.

TOPIC NO. 18

All Valspar trade secrets allegedly misappropriated by Spraylat, including but not limited to the trade secrets allegedly misappropriated by Alain DeBlandre's Sales Plan (See SP3444-3450) and the April 5, 2001 Financial Plan (See Exhibit 61 to the Deposition of Willi Luettgens).

OBJECTION TO TOPIC NO. 18

In addition to the General Objections, Valspar objects to this topic as calling for a legal conclusion. Valspar further objects to this request because no one at Valspar, other than its attorneys, have access to Spraylat documents sufficient to identify which trade secrets have been misappropriated by Spraylat, particular with respect to formulas. Valspar further objects because the identified documents were not attached to the document request. Valspar further objects because it has provided a complete interrogatory response on this topic.

Subject to the foregoing objections, Valspar Industries GmbH will produce a witness to provide testimony on all of the specified topics, with the exception of Topic No. 17 and that portion of Topic No. 18 that requires knowledge of the documents designated by Spraylat as "attorneys eyes only."

Dated this 6th day of December, 2002.

**THE VALSPAR CORPORATION, VALSPAR INDUSTRIES GMBH, AND VALSPAR SOURCING, INC.**

By its attorneys,

By ______________________

Alan G. Carlson (MN ID #14,801)
J. Derek Vandenburgh (MN ID #224,145)
Jeffrey P. Cook (MN ID #302,570)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Ph. (612) 332-5300
Fx. (612) 332-9081

Andrew Ubel (MN ID #235,799)
THE VALSPAR CORPORATION
1101 Third Street South
Minneapolis, Minnesota 55415
Ph. (612) 375-7322
Fx. (612) 375-7313

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation,<br>Valspar Sourcing, Inc. and<br>Valspar Industries GmbH<br>Plaintiff,<br><br>v.<br><br>Spraylat Corporation and Spraylat GmbH,<br><br>Defendants. | Civil Action No. 01CV1605 JEL/JGL |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the following documents:

1. **Plaintiffs' Objections to Defendants' Notice of Deposition of Valspar Industries GmbH;**
2. **Certificate of Service.**

were served on the following parties, by the method(s) indicated below, on December 6, 2002.

Mitchell P. Hurley
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022

VIA Facsimile &
First Class Mail

Dated: 12-6-02

Melissa A. Anderson