UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation, Valspar Sourcing, Inc., and Valspar Industries GmbH, Plaintiffs, v. Spraylat Corporation and Spraylat GmbH, Defendants. | Civil Action No. 01CV1605 JNE/JGL **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER** |

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 16(b) and Local Rules 16.3(a) & (c), Defendants Spraylat Corporation and Spraylat GmbH ("Spraylat") move for a limited adjustment of the Scheduling Order to permit a motion for summary judgment on a single discrete issue involving the relevance and admissibility of certain evidence at trial. The issue was raised in the parties' motions in limine, but not resolved by Magistrate Nelson. Although it is very close to the start of trial, extraordinary circumstances exist for making this request at this time. The catalyst for this motion is Magistrate Nelson's decision that she could not address in limine the relevance of this evidence, but that the issue would have to resolved by dispositive motion if it is to be resolved at all.

Defendants disagree with Magistrate Nelson's characterization of the issue, and have separately appealed Magistrate Nelson's April 19, 2005 Order. Should the Court choose to resolve the relevance and admissibility of the evidence in the context of Defendants' appeal, then the present motion to modify the scheduling order is mooted and need not be considered by the Court. However, should the Court leave intact Magistrate Nelson's ruling that the

relevance and admissibility of the evidence requires a dispositive motion, Defendants respectfully request that the Court allow for a modification to the scheduling order to permit the needed motion to be brought and resolved by the Court prior to trial.

Defendants do not request leave to file any additional briefing in connection with the contemplated dispositive motion, as Defendants believe that the record developed on the motions in limine is sufficient to permit the Court to resolve this discrete issue as a matter of summary judgment. Accordingly, the present motion is essentially a procedural safeguard to ensure that there will be an appropriate vehicle for resolution of this critical issue prior to trial.

## DISCUSSION

By Order dated March 17, 2005, the Court referred all of the parties' then-filed motions in limine to Magistrate Judge Susan Nelson. (Doc. No. 340.) Among the motions referred was Defendants' motion seeking a ruling that Plaintiffs be precluded from offering at trial in support of their tortious interference claim evidence comprised of customer identities and contacts, market share information, and financial data concerning prices, sales, costs, and margins (collectively, "Business Information"). Plaintiffs filed a motion in limine that they could offer such evidence and further moved to preclude Defendants from mentioning at trial the Court's previous rulings relating to the Business Information.

Magistrate Nelson heard argument on all of the parties' motions in limine on April 6 and 11, 2005 and issued a first ruling on two of those motions — Defendants' First and

Second Omnibus Motions in Limine ─ on April 19, 2005.[1] Magistrate Nelson's April 19, 2005 ruling (April 19 Order) characterized the issues involved in determining the relevance and admissibility of the Business Information as "more closely resembl[ing] a motion for summary judgment" than a motion in limine. (April 19 Order at 9.)

In part, resolving the motions in limine related to the Business Information required a determination of the effect of the Court's March 31, 2004 summary judgment ruling. As the Court is aware, the March 2004 summary judgment ruling held that all of the Business Information that Plaintiffs had alleged Defendants misappropriated ─ including information related to sales volume, pricing and costs ─ is "generally known or readily ascertainable." (Doc. No. 278 at 7-9.) Based on this finding, the Court granted summary judgment on Plaintiffs' trade secrets claims that were based on Business Information.

Defendants believe that the summary judgment ruling was intended to, and did, effectively put the Business Information out of the case entirely and pare this case down to a manageable size and relatively simple set of claims. However, earlier this year Plaintiffs indicated they intended to claim that the alleged disclosure of the Business Information, although already ruled to be generally known and readily ascertainable, breached their former employees' alleged confidentiality agreements, and that Defendants tortiously induced such breaches. Defendants brought their motion in limine to ensure that Plaintiffs would be precluded from putting this before the jury.

---

[1] A copy of the April 19, 2005 Order may be found as an Exhibit to Defendants' companion Motion to set Aside Portions of Magistrate Judge's April 19 Order.

Defendants urged Magistrate Nelson to exclude in limine the Business Information as lacking relevance on two separate and distinct grounds, the first of which involved only an analysis of the express language of the relevant contracts in relation the Court's finding that the Business Information is generally known or readily ascertainable. The April 19 Order did not address this first ground, but did address the second ground, which involved the argument that information which is generally known or readily ascertainable cannot be protected by any naked confidentiality agreement and therefore cannot be relevant to Plaintiffs' tortious interference claim. In addressing this second argument, Magistrate Nelson wrote:

> Although Defendants stylize their motion as one in limine, the Court finds that the ruling Defendants seek is more properly characterized as a judgment as a matter of law rather than a judgment on the admissibility of evidence . . . A determination of Defendants' motion would require this Court, to the extent the issue has not been addressed previously, to rule <u>as a matter of law</u> that the business information at issue is not confidential and therefore not actionable for public policy or other reasons. . . . The Court finds that a motion in limine . . . is not the proper tool for the job. . . . Defendants' motion more closely resembles a motion for summary judgment. As the deadline for filing such motions has passed, if Defendants wish to pursue this discrete portion of their motion, they will need to seek leave of the court to bring such a motion."

(April 19 Order at 9-10.) While Magistrate Nelson acknowledged that she could have converted the motion to one for summary judgment, she declined to do so because Defendants' motion in limine had not requested such relief in the alternative. (*Id*. at 10, n. 3.)

Based on the foregoing circumstances, both good cause and extraordinary circumstances exist to grant this motion for limited relief. Defendants placed the issue squarely before Magistrate Nelson in limine and believe that under the Court's referral,

Magistrate Nelson had both the authority and the obligation to rule on the relevance and, hence, admissibility of the evidence. *See* Fed. R. Civ. P. 1. (The Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Defendants put forth two separate grounds for finding the Business Information irrelevant and therefore inadmissible. Magistrate Nelson declined to rule on the relevance of the Business Information on either ground, but instead suggested that Defendants should petition the Court for leave to file a dispositive motion.

It is important to resolve the admissibility of the Business Information prior to trial, as it may well have the effect of narrowing the issues for trial. *See, e.g., H.J. Heinz Co. v. Beech-Nut Life Savers, Inc.*, 181 F. Supp. 452, 459 (S.D.N.Y. 1960) (considering merits of motion for summary judgment on the eve of trial because it "may very well have the salutary effect of narrowing the issues for trial.") If admitted, the evidence could consume a considerable amount of trial time. Moreover, admission of the Business Information has the potential to work substantial prejudice to Defendants if it is later determined that the evidence was not, in fact, relevant to any issue in the case. For these reasons, if Defendants are correct that the evidence is not relevant to any claim in the case, a motion which permits the Court to address the relevance and admissibility in advance of trial, however styled, serves the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

Defendants are prepared to bring a dispositive motion based on the record already developed on the motions in limine, and would not seek to submit additional briefing unless Plaintiffs were to demand permission for additional briefing. If the Court grants Defendants' motion and modifies the scheduling order to permit the filing of a dispositive motion to address the relevance and admissibility of the Business Information, Defendants' intent and

strong preference is to file with the Court a simple declaration attaching the relevant papers already filed in connection with the motions in limine, along with a copy of the transcript of the hearing before Magistrate Nelson.

**CONCLUSION**

For the reasons stated above, good cause and extraordinary circumstances exist to grant Defendants' motion to amend the scheduling order. Accordingly, Defendants respectfully request that, if the Court does not rule on Defendants' separate appeal from the April 19 Order in a way that moots the present motion, that the Court grant the present motion to modify the scheduling order and permit Defendants to bring a motion for summary judgment to resolve the relevance and admissibility of the Business Information.

Dated: April 22, 2005

**FAEGRE & BENSON LLP**

By: /s Michelle Paninopoulos
Kenneth A. Liebman, #90438
John Edward Connelly, #237656
Michelle A. Paninopoulos, #312411
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

-and-

David M. Zensky (DZ 5913)
Mitchell P. Hurley (MH 0740)
Blossom Kan (BK 6617)
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
590 Madison Avenue, 42nd Floor
New York, New York 10022-4616

***Attorneys for Defendants Spraylat Corporation and Spraylat GmbH***